15451

COLLINS v. PILGRIM HEALTH & LIFE INS. CO.

(21 S. E. (2d), 576)

*Mr. Leon W. Harris,* of Anderson, counsel for appellant,

*Mr. S. Eugene Haley,* of Anderson, counsel for respondent,

August 11, 1942.

The opinion of the Court was delivered by Mr. Associate Justice Stukes:

This action on a policy of industrial insurance is unusual in that instead of the ordinary suit for an alleged fraudulent breach it is, in effect, an action for damages for alleged failure of the insurer to notify the insured of a lapse of the policy for tardiness in the payment of premiums. The complaint refers, without charge of fraud, to the refusal of the defendant to accept a premium payment in late April or May, 1939 (of which there was evidence), but the gravamen of it, the alleged cause of action, is set forth in the following quoted paragraphs:

"7. That the same policy, at various times prior to April, 1939, during the life of said policy, had been in arrears and on several instances plaintiff paid to the defendant, its agents and servants, divers sums of money, covering the premiums on the said policy, after said policy was in arrears over thirty days. That the defendant, its agents and servants, kept accepting the money of this plaintiff and plaintiff herein had never received any notice that the policy was lapsed or was about to be lapsed when defendant knew or should have known that under the policy contract, said policy was null

and void when payment of premiums had not been made for thirty days, or within the grace period, but despite such alleged knowledge, defendant continued to collect premiums from the plaintiff from time to time and represented to this plaintiff that the policy was in full force and benefit at all times up until April, 1939, when they knew or should have known that said policy was out of benefit.

"8. That the collecting of the premium by the defendant, its agents and servants, when they knew, or should have known that the policy was lapsed for nonpayment of premiums, the defendant, its agents and servants, were but executing a scheme and plan, as plaintiff is informed and believes, whereby this plaintiff would be, and was, defrauded out of his money, and plaintiff relying upon the representation made by the defendant, its agents and servants, continued to pay on said policy in good faith, never dreaming that said policy was not in full force and effect until so notified in the latter part of April, 1939, or the first part of May, 1939.

"9. That the fraudulent acts of defendant, its agents and servants as hereinabove set forth, were wilfully, knowingly, and maliciously made by the defendant, its agents and servants, with the full knowledge that plaintiff was being cheated, swindled and defrauded out of his money, and knowing full well that plaintiff believed the agent and relied upon the statement that the policy was in full force and effect, and that such acts as aforesaid on the part of the defendant, or its agents and servants, defrauded this plaintiff out of his money to his damage in the sum of One Thousand ($1,-000.00) dollars."

Besides other allegations the answer contained a general denial. At the conclusion of the testimony for the plaintiff in the trial of the action before the special city magistrate of Anderson, the defendant moved for a nonsuit upon sufficiently stated grounds to raise the point upon which the appeal turns; and this was preserved in exceptions in de-

fendant's appeal to the Court of Common Pleas from the verdict of $150.00 which was rendered against it, and in the exceptions taken to this Court from the affirmance of the verdict and judgment of the magistrate's Court. ·

The evidence adduced by the plaintiff has received careful consideration but in it there is nothing tending to prove that the policy had been lapsed by the defendant for late payment of premiums. It is needless to cite authority to the effect that an insurer may waive the policy requirement of punctual payment of premiums; and nothing in the evidence even indicates that the policy was not in full force and effect during the times referred to in the quoted paragraphs of the complaint. Plaintiff testified that he had not during the several years of the existence of the policy made claim for disability benefits and, of course, the death payment had not matured; and he further testified that he was about fifty years old and in good health.

Relied upon by the lower Court was *Riley v. Life & Casualty Company,* 184 S. C., 383 (erroneously there cited and in respondent's brief as 194 S. C.), 192 S. E., 394, but reference to it shows nothing in common with the present controversy, which may also be said of *Davis v. Life Insurance Company,* 195 S. C., 406, 11 S. E. (2d), 433, which was likewise cited.

In concluding that nonsuit should have been granted, it has not been overlooked that plaintiff's evidence must be construed most favorably to him, but when it utterly fails to even tend to prove the material allegations of the complaint, such action cannot be properly denied the defendant.

The judgment is reversed and the case remanded to the trial Court for entry of order of nonsuit.

Reversed.

Mr. Chief Justice Bonham, Mr. Associate Justice Fishburne, and Circuit Judge L. D. Lide, Acting Associate Justice, concur.