### 22231

SECURITY FEDERAL SAVINGS AND LOAN ASSOCIATION OF AIKEN, Appellant, v. Jeane P. COLEMAN, L. Gene Coleman, J. Wayne Howell, Dorothy T. Howell and Annette Tompkins, Respondents.

(325 S. E. (2d) 546)

Supreme Court

*Robert E. Johnson* and *Robert L. Buchanan, Jr.,* of *Williams, Johnson, Buchanan & Harte,* Aiken, and *Stephen A. Spitz,* Columbia, *for appellant.*

*James B. Richardson, Jr.,* Columbia, *for respondents.*

Heard Dec. 13, 1984.

Decided Feb. 1, 1985.

GREGORY, Justice:

The narrow issue in this case is whether a court sitting in equity may use its broad equitable powers in ordering a lending institution to take a note and mortgage from a party not of its choosing. Under the facts and issues presented by this case, we hold that it was error and reverse the decision below.

In 1978, the Colemans executed and delivered a note and mortgage to appellant Security Federal. The mortgage contained a "due on sale" clause giving appellant the right to declare the mortgage due upon sale of the property. The mortgage expressly provided any waiver of the provision had to be in writing.

On April 11, 1980, respondents, the Howells, paid the Colemans $10,000.00 and assumed the mortgage. The sales agreement acknowledged the existence of the "due on sale" clause. Security Federal gave no prior approval of the sale, but was notified of the sale by an insurance letter on May 8th. No written waiver of the "due on sale" clause was ever requested or granted.

Using a payment book issued in their names, respondents began making regular monthly payments. Furthermore, they made some $10,000.00 in improvements.

Due to an earnings "crunch", on May 26, 1981, appellant exercised its option to accelerate the mortgage balance in order to increase the yield of its loan portfolio. This foreclosure action followed. Respondents raised the equitable defenses of waiver, latches, and estoppel. The master agreed with the Howells and recommended foreclosure be denied. Security Federal excepted to this report.

The trial judge disagreed with the master's findings of fact and conclusions of law and held appellant had the right to accelerate the loan. The order expressly rejected the equitable defenses raised by the Howells. He concluded, however, that equity required Security Federal to refinance the loan at the rate available when the property was transferred. His order granted the Howells the option to refinance the loan at 12%. If they did not exercise the option, appellant could proceed with the foreclosure. Security Federal appeals only from the refinancing portion of the order. Respondents did not appeal.[1]

A party has a right to choose those he wishes to contract with and cannot be compelled to enter into a contract with a party not of his own choosing. *See Arkansas Valley Smelting Co. v. Belden Min. Co.*, 127 U. S. 379, 85 S. Ct. 1308, 32 L. Ed. 246 (1888); 17 C. J. S., *Contracts*, § 30. This is especially true where a mortgage is involved. In seeking satisfaction of a debt, a lender may look to either the security or the debtor. *Perpetual Building and Loan Association v. Braun*, 270 S. C. 338, 340, 242 S. E. (2d) 407, 408 (1978). Due to the potential importance of an individual debtor, a lender must be allowed to choose its own debtors.

Therefore, we hold under the facts and issues presented in this case, a lender may not be compelled to accept a debtor not of its choosing.

The order of the trial judge requiring appellant to refinance the loan is reversed and the case is remanded so that foreclosure may proceed.

Reversed and remanded.

LITTLEJOHN, C. J., and HARWELL and CHANDLER, JJ., concur.

NESS, J., not participating.

---

[1] In their brief, respondents purport to adopt the findings of the master; however, there was been no exception taken from the trial judge's express rejection of the master's report. While we agree that appellant's conduct ignores good business ethics, the absence of a proper exception by respondents leaves nothing before this Court for decision. *Odom v. County of Florence*, 258 S. C. 480, 189 S. E. (2d) 293 (1972).