22299

Walter D. RAKESTRAW and Dorothy D. Rakestraw, Appellants, v. DOZIER ASSOCIATES, INC., William B. Dozier, Nancy C. Dozier, and Kyle W. Shive, Respondents.

(329 S. E. (2d) 437)

Supreme Court

*J. Dwight Hudson, P.A.,* Conway, *for appellants.*

*James C. Pike, Jr.,* North Myrtle Beach, *for respondents.*

Heard March 25, 1985.

Decided April 24, 1985.

NESS, Justice:

This is a mortgage foreclosure case. The master, hearing the case with finality, dismissed the foreclosure action holding appellants-mortgagee waived their right to foreclosure for breach of the due on sale clause by accepting payments for seventeen months after notice the property had been transferred. We affirm.

In September, 1980 appellants-mortgagee, the Rakestraws, sold property to respondent Dozier Associates, Inc. and financed the purchase by accepting a mortgage containing a standard due on sale clause.

By deed recorded in January, 1981 respondent Dozier Associates, Inc. transferred the property without the mortgagee's prior written consent to respondents William and Nancy Dozier, the owners of the Dozier Corporation. The

mortgagee admitted receiving an insurance endorsement reflecting the change of ownership and accepting timely mortgage payments from the Doziers individually for seventeen months before calling in the loan in the spring of 1982 for violation of the due on sale clause.

Since an action to foreclose a mortgage is in equity, the election to accelerate must be made within reasonable time or the equitable defenses of laches, waiver and estoppel may be raised against the mortgagee. *Mutual Federal Savings & Loan Association v. Wisconsin Wire Works,* 58 Wis. (2d) 99, 205 N. W. (2d) 762 (1973).

The Alabama court held in *McJenkin v. Central Bank of Tuscaloosa,* 417 So. (2d) 153 (Ala. 1982) where a mortgagee had notice of the transfer and accepted eighteen monthly payments timely made, the due on sale clause is not self-executing but must be elected within a reasonable time. *See also* 69 ALR (3d) 713.

Recently we held a lender has the right to choose with whom he wishes to contract and equitable powers are unavailable to force the acceptance of an unwanted debtor. *Security Federal v. Coleman,* 325 S. E. (2d) 546 (S. C. 1985).

A careful reading of that case reveals no exception was taken from the trial judge's rejection of the master's holding concerning equitable defenses of waiver, estoppel and laches. Therefore we distinguish *Coleman* in deciding the instant issue.

We hold the election of the holder to declare the acceleration of the due date of the entire debt represented by a mortgage note containing a due on sale clause must be exercised within a reasonable time after notice of default.

Here appellants-mortgagee waived the right to accelerate by accepting payments for seventeen months and are now estopped from asserting it.

Affirmed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.