### 1357

James G. FOSTER and Irene E. Foster, Appellants v. FORD MOTOR CREDIT COMPANY, American Lender's Service, John Doe whose true name is unknown, and Richard Roe, whose true name is unknown, Respondents.

(382 S. E. (2d) 254)

Court of Appeals

*James J. Raman*, Spartanburg, *for appellants.*

*Amos A. Workman* and *G. Randall Taylor*, both of *Butler, Means, Evins & Browne, Stephen Wilson* and *Michael B. T. Wilkes*, Spartanburg, *for respondents.*

Heard April 11, 1989.

Decided June 26, 1989.

*Per Curiam:*

Plaintiff James G. Foster and Plaintiff Irene E. Foster brought separate actions in the Court of Common Pleas against Defendant Ford Motor Credit Company and Defendant American Lender's Service, et al.[1] The facts out of which the two actions grow and the pleadings are basically identical such that it has been agreed that the ruling of this Court would bind all litigants.

At separate times each of the Plaintiffs (who are husband and wife) purchased a motor vehicle from a Spartanburg dealer, financing a portion of the purchase price with an installment payment contract agreement. Each, on separate dates, defaulted. At the time of the default, the note, contract and lien agreement were owned (through assignment) by Ford Motor Credit Company. The respective vehicles were repossessed by American Lender's Service, which was employed by the creditor and lien holder for the purpose of retrieving collateral (vehicles) used to secure payment of the debts.

In their Complaints the Fosters assert two causes of actions denominated (1) "First Cause of Action (Fair Debt Collection Practices Act)" and (2) "Second Cause of Action (Conversion)." The prayers for relief are consistent with such designations.

Counsel for the respective Defendants moved to dismiss

---

[1] Doe and Roe, alleged to be unknown agents of defendant Lender's, have been disregarded since they were not argued on appeal.

the actions misconstruing the Complaint as alleging not only these two causes of actions but also an action for negligence. The erroneous conception was perpetuated in the judge's order wherein he ruled that no cause of action was stated for negligence. The error was then, somewhat of necessity, treated similarly in this appeal. The motions were granted under Rule 56 of SCRCP. In so ruling the court granted summary judgment ruling that no genuine issue of fact existed. We affirm.

There was before the trial court and before us (1) the retail installment contract, (2) "notice of default, right to cure and intent to repossess," (3) "notice of repossession and right to redeem," (4) affidavits of Joe Sieffers of the Ford Motor Credit Company, (5) affidavit of James G. Foster, (6) affidavit of Irene E. Foster, and (7) reply affidavits of Sieffers.

The following facts being uncontraverted are established by the affidavits of Sieffers made on behalf of Ford: the defendants defaulted; notices of default, right to cure and intent to repossess were timely mailed to the plaintiffs at the address indicated by them as shown on the contract and lien agreement; the plaintiffs apparently responding to the notice cured the defaults; thereafter, they defaulted again; the notice warned the plaintiffs that even if the default was cured Ford could exercise its right upon future default without the need of sending an additional notice; the notices were deposited in the United States mail with postage paid.

The essence of James G. Foster's responding affidavit merely states in relative part: "Ford Motor Credit Company did not give any type or kind of notice to me on July 26, 1985." The responding affidavit of Irene E. Foster merely states: "I was never given a notice of right to cure by anyone." There is no assertion that the plaintiffs notified Ford of a change of address nor that they had moved from the address previously indicated.

South Carolina's Consumer Protection Code, § 37-5-110, provides as follows:

> (1) With respect to a secured or unsecured consumer credit transaction payable in two or more installments, after a consumer has been in default for ten days for

failure to make a required payment and has not voluntarily surrendered possession of goods that are collateral, *a creditor may give the consumer the notice under this section when he delivers the notice to the consumer or mails the notice to him at his residence [§ 37-1-201(6)].*

Section 37-1-201(6) provides:

For the purposes of this title, the residence of a consumer is the address given by him as his residence in a writing signed by him in connection with a credit transaction. Until he notifies the creditor of a new or different address, the given address is presumed to be unchanged.

Section 37-5-111 provides as follows:

(1) With respect to a secured or unsecured consumer credit transaction payable in two or more installments, except as provided in subsection (2), after a default consisting only of the consumer's failure to make a required payment, a creditor, because of that default, may neither accelerate maturity of the unpaid balance of the obligation, nor take possession of or otherwise enforce a security interest in goods that are collateral until twenty days after a notice of the consumer's right to cure (§ 37-5-110) is given....

(2) With respect to defaults on the same obligation and subject to subsection (1), after a creditor has once given notice of consumer's right to cure (§ 37-5-110), this section gives the consumer no right to cure and imposes no limitation on the creditor's right to proceed against the consumer or goods that are collateral. For the purpose of this section, in credit extended pursuant to a revolving charge or revolving loan account, the obligation is the unpaid balance of the account and there is no right to cure and limitation on the creditor's rights with respect to a default that occurs within twelve months after an earlier default as to which a creditor has given a notice of consumer's right to cure (§ 37-5-110).

Section 37-5-112 provides as follows:

Upon default by a consumer with respect to a consumer credit transaction, unless the consumer volun-

tarily surrenders possession of the collateral to the creditor, the creditor may take possession of the collateral without judicial process only if possession can be taken without entry into a dwelling used as a current residence and without the use of force or other breach of the peace.

We agree with the trial judge who held that there was no genuine issue of fact and who granted summary judgment. Ford, having mailed notice of default, right to cure and intent to repossess to the plaintiffs at the address indicated by them, was entitled to repossess the collateral ". . . without the use of force or other breach of the peace." According to the plaintiffs own statements, they were asleep when the motor vehicles were retrieved. Breach of peace is defined in *Lyda v. Cooper*, 169 S. C. 451, 169 S. E. 236 (1933) and is quoted with approval in *Jordan v. C & S National Bank of South Carolina*, 278 S. C. 449, 298 S. E. (2d) 213 (1982). No facts were presented to the trial judge warranting the inference that Lender's in the process of retrieving the collateral breached the peace.

Counsel argues that the mere averment on the part of the Fosters that no notice was received makes a jury issue as to whether Ford did or did not give notice in compliance with the statute. We disagree. From a reading of the entire statute it is patent that such was not intended by the General Assembly in enacting the law as quoted hereinabove. The rights here alleged are purely statutory.

Having found there is no evidence of conversion, we proceed to determine whether a jury issue has been made relative to the first cause of action alleging a violation of the Fair Debt Collection Practices Act. The Complaint alleges two specifications in this cause of action. They are as follows:

(a) By using unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f.

(b) By failing to give Plaintiff the written notice required by 15 U.S.C. § 1692g(a).

As a matter of law we hold that no unfair or unconscionable means of collecting the debts has been used by either

Ford or Lender's. The federal statutes have not been violated by either party defendant.

While we have not considered the Complaints as involving a cause of action for negligence, it necessarily follows that inasmuch as both defendants have acted appropriately and were entitled to a summary judgment there is no showing warranting consideration of a cause of action for negligence. A like reasoning applies to the contention that damages should be awarded for breach of peace, injuries to shrubbery and driveway.

Plaintiff James G. Foster claims that he was in bankruptcy at the time involved, and accordingly the action of Ford and Lender's is invalid. Such issue was not presented to the lower court and is not proper for consideration on appeal.

All exceptions are found to be without merit, and the order of the trial judge is hereby

Affirmed.