23260

James G. FOSTER and Irene E. Foster, Petitioners v. FORD MOTOR CREDIT COMPANY, American Lender's Service, John Doe, whose true name is unknown and Richard Roe, whose true name is unknown, Respondents.

(395 S.E. (2d) 440)

Supreme Court

*James J. Raman,* Spartanburg, *for Petitioners.*

*Amos A. Workman,* and *G. Randall Taylor, Butler, Means, Evins & Brown,* Spartanburg, *for respondent Ford Motor Credit Co.*

*Stephen S. Wilson* and *Michael B.T. Wilkes* of the *Ward Law Firm,* Spartanburg, *for respondent American Lender's Service.*

Heard June 5, 1990.

Decided Aug. 27, 1990.

GREGORY, Chief Justice:

This case is before us on a writ of certiorari to review the Court of Appeals' decision reported at 299 S.C. 65, 382 S.E. (2d) 254 (Ct. App. 1989). We reverse.

Petitioners James and Irene Foster each purchased an automobile and signed a retail installment contract granting the seller a security interest in the vehicle. The seller assigned its security interest in each vehicle to respondent Ford Motor Credit Company (Ford). After both James and Irene defaulted on their payments, respondent American Lender's Service (Lender's) repossessed the vehicles for Ford.

The Fosters commenced this suit alleging in part Ford violated the South Carolina Consumer Protection Code and was

liable for conversion. They alleged the repossessions were unlawful because Ford mailed no notice of default and right to cure as required under S.C. Code Ann. § 37-5-110 (1986). The trial judge granted Ford summary judgment and the Court of Appeals affirmed.

In granting summary judgment, the trial judge considered affidavits submitted by the parties. Ford's affidavits indicate it mailed the notices to the Fosters; the Fosters' affidavits indicate no notices were received. Evidence that a letter is properly addressed and mailed raises a presumption it was received by the addressee; if receipt is denied, however, the denial is evidence the letter was never mailed and the issue of mailing then becomes a question of fact. *Keller v. Provident Life & Accident Ins. Co.*, 213 S.C. 339, 49 S.E. (2d) 577 (1948); *Burbage v. Jefferson Standard Life Ins. Co.*, 138 S.C. 208, 136 S.E. 230 (1926). The Fosters' denial of receipt therefore created an issue of material fact. We conclude summary judgment was improperly granted on the causes of action for wrongful repossession and conversion. *See Hamilton v. Miller*, 301 S.C. 45, 389 S.E. (2d) 652 (1990) (summary judgment).

Further, the Fosters' complaint alleged Lender's violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (1982 & Supp. 1989), by using an unfair means of debt collecting. The trial judge dismissed this cause of action on the ground the Act does not apply to Lender's. We disagree. Section 1692a(6) defines debt collector to include a business whose principal purpose is the enforcement of security interests.

Moreover, we disagree with the Court of Appeals' affirmance on the ground the repossession was not an unfair means of debt collection as a matter of law. Section 1692f(6)(A) defines an unfair practice to include any nonjudicial action to effect dispossession of property if there is no present right to possession through an enforceable security interest. Whether Lender's committed an unfair practice thus turns on whether the proper notices were mailed by Ford in order to render the security interests enforceable. In light of our conclusion this is a factual issue in this case, we reverse the dismissal of the cause of action alleging Lender's violation of the Fair Debt Collection Practices Act.

Reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.