24083

Jody SIMPSON, as Personal Representative of the Estate of Marie Johnston Demos, Appellant v. Jackie SANDERS, as Personal Representative of the Estate of Louis A. Demos, Respondent.

(445 S.E. (2d) 93)

Supreme Court

414

*D. Cravens Ravenel* and *Catherine Garbee Griffin*, both of *Baker, Barwick, Ravenel & Bender*, Columbia, *for appellant.*

*Robert F. McMahan, Jr.*, Columbia, *for respondent.*

Heard April 6, 1993.

Decided June 6, 1994; Reh. Den. June 30, 1994.

FINNEY, Justice:

The issue in this appeal is whether the husband timely exercised his statutory right to an elective share of his deceased wife's estate. The probate court upheld husband's election as did the circuit court on appeal. We reverse and remand.

Appellant is the personal representative of Marie Johnston Demos' (wife's) estate and respondent is the personal representative of Louis A. Demos' (husband's) estate. Wife predeceased husband and left him certain property in her will. Within weeks of wife's death, husband informed appellant and the estate's attorney that he intended to claim his elective share pursuant to S.C. Code Ann. § 62-2-201 (Supp. 1993). Husband filed two timely petitions with the probate court as required by S.C. Code Ann. § 62-2-205(a) (Supp. 1993). Although there was some evidence that copies of these petitions were timely mailed to appellant as required by § 62-2-205(a), she testified she never received either petition. Thus, there was a question of fact whether the petitions were, in fact, mailed. *Foster v. Ford Motor Credit Co.*, 302 S.C. 450, 395 S.E. (2d) 440 (1990).

Appellant sought to disallow husband's claim to an elective share of wife's estate on the ground he had failed to comply with the requirement of § 62-2-205(a) that he either mail or deliver a copy of the petition to her within the statutory time period. Appellant contended that since § 62-2-205 created a new liability where there was none before, and established a time limit within which the action must be commenced, strict compliance with the statute's terms was necessary in order to maintain an action under it. *See, e.g., Knight Publishing Co. v. University of South Carolina*, 295 S.C. 31, 367 S.E. (2d) 20 (1988)[1]; *see also Merchants Mut. Ins. Co. v. South Carolina Second Injury Fund*, 277 S.C. 604, 291 S.E. (2d) 667 (1982). The probate judge disagreed, held the statute was remedial, and, therefore, entitled to a liberal construction. He found that since appellant admitted actual knowledge of husband's intended claim, literal compliance with the statute was irrelevant. The probate judge concluded he did not need to determine whether, in fact, either petition was timely mailed. The circuit court affirmed. We reverse and remand.

In 1987 when the elective share statute was enacted, South Carolina's common law did not require a spouse to devise any of her property to a surviving spouse. Therefore, we agree with appellant that § 62-2-205 is a statute of creation, and that strict compliance with its terms is mandatory in order to exercise the right to an elective share. Since there is conflicting evidence on the issue of mailing, and since the probate judge declined to resolve this issue based on his erroneous view of the nature of the statute, we reverse and remand the case to the probate court with instructions to issue an order deciding this crucial factual question, and to award other relief, if appropriate.

The circuit court order affirming the probate judge's order is

Reversed and remanded.

HARWELL, C.J., CHANDLER and MOORE, JJ., and CURTIS G. SHAW, Acting Associate Justice, concur.

---

[1] To the extent *Knight* holds that a failure to timely commence an action is a subject matter jurisdiction defect, it has been overruled. *McLendon v. South Carolina Highways and Transportation,* — S.C. —, 443 S.E. (2d) 539 (1994). Nonetheless, an action under a statute of creation cannot be maintained unless brought within the time allowed by that statute.