24282

Pinkie M. GEDDINGS, Respondent v. Marvin Thomas GEDDINGS, Jr., Allen Nicholes Geddings, Rachel Geddings McCollough and James Jackson Geddings, Individually and as Personal Representative of the Estate of Marvin Thomas Geddings, Appellants.

(460 S.E. (2d) 376)

Supreme Court

*Matthew A. Henderson*, Spartanburg, *for appellants.*

*Robert A. Hammett* and *Duncan E. Alford*, Spartanburg, *for respondent.*

Heard June 13, 1995.

Decided July 24, 1995.

FINNEY, Chief Justice:

Respondent (Pinkie Geddings) initiated this action seeking to invoke her right to an elective share of the decedent's probate estate pursuant to S.C. Code Ann. § 62-2-201 (Supp. 1994). Appellants answered alleging Mrs. Geddings had waived her right to an elective share by signing a waiver agreement. After a hearing, the probate judge granted Mrs. Geddings an elective share finding that the purported waiver was void because she did not receive the required statutory fair disclosure. S.C. Code Ann. § 62-2-204 (1987). Appellants appealed the matter to the circuit court which affirmed the probate court's determination. We affirm.

The Geddings were married in 1979. Both had children by their former spouses. In 1988 Mrs. Geddings signed a document presented to her by her husband titled "Waiver of Right to Elect and of Other Rights." In summary the document acknowledged that each had made a will; each desired that the bulk of his/her property go to his/her children by previous marriages; each disclaimed interest in the spouse's estate except as provided in the will admitted to probate at the death of the other spouse; and each had made a full, fair and complete disclosure to each other of all presently owned assets.

Appellants contend the court erred in concluding the waiver agreement was invalid because Mrs. Geddings did not receive fair disclosure.

As an initial matter, appellants assert the probate court allowed Mrs. Geddings to testify in violation of the Dead Man's Statute, S.C. Code Ann. § 19-11-20 (1985). Based on that testimony, appellants claim the court erroneously concluded she had signed the agreement acknowledging fair disclosure when in fact she did not receive fair disclosure. Appellants did not object to Mrs. Geddings' testimony on the ground of violation of the Dead Man's Statute. Therefore appellants are precluded from raising the question now. *Branton v. Martin*, 243 S.C. 90, 132 S.E. (2d) 285 (1963).

The right of election of a surviving spouse may be waived by a written contract signed by the party waiving after fair disclosure. S.C. Code Ann. § 62-2-204 (1987). While South Carolina has not defined what constitutes fair disclosure in this context, other states have in the similar context of antenuptial agreements. Considering the confidential relationship between parties to an antenuptial agreement, the affirmative duty imposed upon each party to disclose his or her financial status transcends what is normally required for a commercial transaction. *In re Estate of Lebsock*, 44 Colo. App. 220, 618 P. (2d) 683 (1980). "Fair disclosure contemplates that each spouse should be given information, of a general and approximate nature, concerning the net worth of the other. Each party has a duty to consider and evaluate the information received before signing an agreement." *In re Estate of Lopata*, 641 P. (2d) 952 (Colo. 1982); *In re Estate of Hill*, 214 Neb. 702, 335 N.W. (2d) 750 (1983).

> Fair disclosure means that before signing an antenuptial agreement, each party must disclose to the other the facts that exist at the time of the agreement and which, in the absence of the antenuptial agreement, affect or determine the prospective intestate share of a surviving spouse in the disclosing party's estate or which otherwise affect or determine distribution of property at the disclosing party's death.

*In re Estate of Stephenson*, 243 Neb. 890, 503 N.W. (2d) 540 (1993).

Both judges found the evidence presented by Mrs. Geddings established she had no real or general knowledge of the total extent of her husband's assets. While Mrs. Geddings had fully disclosed her assets to the decedent, she had no knowledge of the value of husband's estate. The attorney preparing the waiver document testified he did not discuss assets with Mrs. Geddings when it was executed. Mrs. Geddings was excluded from the annual corporate meetings held in her home at Christmas which included only the decedent and his children. There was substantial testimony that decedent was secretive about his financial affairs.

In an action at equity, tried first by the master or special referee and concurred in by the trial judge, the findings of fact will not be disturbed on appeal unless found to be without evidentiary support or against the clear preponderance of the evidence. *Townes Assoc., Ltd. v. City of Greenville*, 266 S.C. 81, 21 S.E. (2d) 773 (1976); *Dean v. Kilgore*, 313 S.C. 257, 437 S.E. (2d) 154 (Ct. App. 1993) (two-judge rule would apply in appeal from circuit court of an equity case originating in probate court where both courts agreed on material issues).

There was sufficient evidence supporting the factual findings of the probate court concurred in by the circuit court. Accordingly, we

Affirm.

TOAL, MOORE and WALLER, JJ., and GEORGE T. GREGORY, JR., Acting Associate Justice, concur.