496 S.E.2d 23

**Esther C. WILLIAMS, Appellant/Respondent,**

v.

**David G. WILLIAMS, as Personal Representative of the Estate of Ralph Howard Williams, Respondent/Appellant.**

**No. 2781.**

Court of Appeals of South Carolina.

Submitted Jan. 6, 1998.

Decided Jan. 12, 1998.

Rehearing Denied Feb. 19, 1998.

E. Timothy Moore, Jr., of Moore Law Firm, Barnwell, for Appellant/Respondent.

Thomas B. Bryant, III, of Bryant, Fanning & Shuler, Orangeburg, for Respondent/Appellant.

ANDERSON, Judge:

This appeal concerns Esther C. Williams's attempt to claim an elective share of the estate of her late husband, Ralph Howard Williams, by mailing a copy of the election to the attorney for the estate. The circuit court affirmed the probate court's determination that Esther did not strictly comply with the terms of S.C.Code Ann. § 62–2–205(a) (Supp.1996), which requires that notice of the election be delivered or mailed to the personal representative. We affirm.[1]

## FACTUAL/PROCEDURAL BACKGROUND

Ralph Howard Williams died on December 11, 1994. His son, David G. Williams, was appointed the personal representative of his estate. On June 23, 1995, Williams's widow, Esther C. Williams, filed a petition for her elective share with the probate court. Her attorney, Timothy Moore, Jr., mailed a clocked copy of the petition along with a letter to Thomas Bryant, the attorney for the estate, on June 26, 1995. The letter included several questions regarding property issues.

By letter dated July 12, 1995, the estate's attorney acknowledged receipt of Esther's assertion of her elective share and informed Moore that he had given the letter to the personal representative. In a subsequent letter dated July 27th, the estate's attorney informed Moore that he had met with the personal representative and, based on the information he received, was providing responses to the property questions.

A dispute arose between the parties regarding the validity of Esther's claim for an elective share. The probate court found Esther failed to strictly comply with section 62–2–205(a) because she mailed the petition for an elective share to the estate's attorney rather than mailing or delivering it to the personal representative as provided under the terms of the statute. Relying on *Simpson v. Sanders*, 314 S.C. 413, 445 S.E.2d 93 (1994), the court noted the elective share provision is a statute of creation that demands strict compliance. It found service on the estate's attorney was insufficient and that, contrary to Esther's assertion, the requirement of Rule

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

5, SCRCP that service of pleadings and certain other papers be made on a party's *attorney* was inapplicable to the procedure mandated by the elective share statute. The probate court disallowed Esther's petition for an elective share.

On appeal, the circuit court affirmed the probate court's determination that Esther failed to properly assert her request for an elective share when she failed to mail or deliver the notice directly to the personal representative. The circuit court affirmed the probate court's finding that Rule 5, SCRCP was not controlling. On motion for reconsideration, the circuit court rejected Esther's additional argument that Rule 4.2 of the Rules of Professional Conduct, Rule 407, SCACR would make it improper for her attorney to communicate directly with the personal representative in order to deliver the notice of election to him. The personal representative challenged the court's authority to hear Esther's motion for reconsideration on the basis it was a post-trial, not appellate, motion. Both Esther and the personal representative appeal.

## STANDARD OF REVIEW

■ On appeal of a legal action from the probate court and affirmed by the circuit court, the standard of review is whether any evidence supports the factual findings of the court below. *See In re Howard,* 315 S.C. 356, 434 S.E.2d 254 (1993) (the circuit court sitting in an appellate capacity should apply the same standard of review as would the Court of Appeals or the Supreme Court); *In re Weeks,* 329 S.C. 251, 495 S.E.2d 454 (Ct.App.1997) (if the action is at law, the circuit court should uphold the findings of the probate court if there is any evidence to support them; if the action is equitable, the circuit court may make findings in accordance with its own view of the preponderance of the evidence); *Dean v. Kilgore,* 313 S.C. 257, 437 S.E.2d 154 (Ct.App.1993) (standard of review is controlled by character of the action as being legal or equitable).

In *Geddings v. Geddings,* 319 S.C. 213, 460 S.E.2d 376 (1995), the Supreme Court considered an action brought by the surviving wife (Pinkie Geddings) to obtain an elective share of her deceased husband's estate. The appellants opposed the action, alleging she had waived her right to an elective share by signing a waiver agreement. The probate

court and the circuit court both determined the wife was entitled to an elective share because the purported waiver was void due to the husband's failure to make a fair disclosure of his financial status. In affirming, the Supreme Court cited cases in equity.[2]

The implication arising from *Geddings* is that an action for an elective share is in equity. However, we find the decision to be distinguishable. *Geddings* turned on the equitable principle of waiver and the wife's assertion that she was not given fair disclosure before signing the alleged agreement. *Rakestraw v. Dozier Assocs., Inc.*, 285 S.C. 358, 329 S.E.2d 437 (1985) (waiver is in equity). However, the current appeal deals strictly with the interpretation and application of the elective share statute, which is a legal action. Therefore, we should affirm the findings of the court below if there is any evidence to support those findings.[3] *In re Howard*, 315 S.C. 356, 434 S.E.2d 254; *In re Weeks*, 329 S.C. 251, 495 S.E.2d 454 (Ct.App.1997); *Dean*, 313 S.C. 257, 437 S.E.2d 154.

## ISSUES

(1) Did the circuit court err in determining Esther failed to properly assert her claim for an elective share under section 62-2-205(a)?

---

**2.** The court stated: "In an action at equity, tried first by the master or special referee and concurred in by the trial judge, the findings of fact will not be disturbed on appeal unless found to be without evidentiary support or against the clear preponderance of the evidence. *Townes Assoc., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E.2d 773 (1976); *Dean v. Kilgore*, 313 S.C. 257, 437 S.E.2d 154 (Ct.App.1993) (two-judge rule would apply in appeal from circuit court of an equity case originating in probate court where both courts agreed on material issues)." *Id.* at 216, 460 S.E.2d at 378.

**3.** We note that since the probate court and the circuit court concurred in their findings, the characterization of the action as one at law or in equity is really a distinction without a difference. Applying the two-judge rule, the standard of review in equity cases in which both courts concur is whether there is *any evidence* to support the findings of the court below, the same standard applied in legal actions. *Dean*, 313 S.C. 257, 437 S.E.2d 154 (where the probate court and the circuit court concur in their findings, we shall not make findings of fact in accordance with our own view of the evidence; rather, we will apply the two-judge rule and not disturb the findings below if there is any evidence to support those findings).

(2) Did the circuit court have the authority to hear Esther's motion for reconsideration?

## LAW/ANALYSIS

### 1. SUFFICIENCY OF ELECTION

■ Esther argues the circuit court erred in determining she failed to properly assert her claim for an elective share by mailing the claim to the attorney for the estate instead of mailing or delivering the notice directly to the personal representative. She contends the personal representative had actual knowledge of her claim, the South Carolina Rules of Civil Procedure require service to be made on the attorney whenever a party is represented by counsel, and the Rules of Professional Conduct would prohibit her attorney from directly contacting the personal representative in order to give him the notice of election. We disagree.

Under the South Carolina Probate Code,[4] the surviving spouse of a person domiciled in this state has the right to an elective share of one-third of the decedent's probate estate. S.C.Code Ann. § 62–2–201 (Supp.1996). The Code specifies the procedure to be followed in making an election:

> The surviving spouse may elect to take his elective share in the probate estate by filing in the court and *mailing or delivering to the personal representative,* if any, a petition for the elective share within eight months after the date of death or within six months after the probate of the decedent's will, whichever limitation last expires.

S.C.Code Ann. § 62–2–205(a) (Supp.1996) (emphasis added).

In *Simpson v. Sanders,* 314 S.C. 413, 445 S.E.2d 93 (1994), the South Carolina Supreme Court held the elective share provision is a statute of creation, and as such its terms must be strictly complied with in order to exercise the right to an elective share.

In *Simpson,* at issue was whether the husband had timely exercised his statutory right to an elective share of his deceased wife's estate. The wife had predeceased her husband and left him certain property in her will. Within weeks of her

---

4. S.C.Code Ann. §§ 62–1–100 to 62–7–709 (1987 & Supp.1996).

death, the husband informed the personal representative and the estate's attorney that he intended to claim his elective share pursuant to section 62–2–201. The husband filed two timely petitions with the probate court as required by section 62–2–205(a).

Although there was some evidence that copies of the petitions were timely mailed to the personal representative, the personal representative testified she never received either petition. The personal representative challenged the husband's claim to an elective share on the ground he had failed to comply with the requirement of section 62–2–205(a) that he either mail or deliver a copy of the petition to the personal representative within the statutory time period. The personal representative argued that since the elective share statute created a new liability, strict compliance with its terms was necessary in order to maintain an action under it.

The probate court disagreed and held the statute was a remedial provision which was therefore entitled to a liberal construction. The probate court found that because the personal representative admitted actual knowledge of the husband's intended claim, literal compliance with the statute was irrelevant. The court concluded it did not need to determine whether, in fact, either petition was timely mailed. The circuit court affirmed.

Upon further review, the South Carolina Supreme Court agreed with the personal representative that the elective share provision was a statute of creation; therefore, strict compliance with its terms is mandatory in order to exercise the right to an elective share. The court stated:

In 1987 when the elective share statute was enacted, South Carolina's common law did not require a spouse to devise any of her property to a surviving spouse. Therefore, we agree with appellant that § 62–2–205 is a statute of creation, and that strict compliance with its terms is mandatory in order to exercise the right to an elective share. Since there is conflicting evidence on the issue of mailing, and since the probate judge declined to resolve this issue based on his erroneous view of the nature of the statute, we reverse and remand the case to the probate court with

instructions to issue an order deciding this crucial factual question, and to award other relief, if appropriate.

*Id.* at 415, 445 S.E.2d at 94.

In the case now before us, the personal representative argues for a more liberal interpretation of the elective share statute based on this Court's holding in *In re Estate of Tollison*, 320 S.C. 132, 463 S.E.2d 611 (Ct.App.1995). In *Tollison*, we held a creditor sufficiently complied with the statutory procedure for presenting claims against an estate by mailing the bills to the *attorney* for the personal representative, rather than mailing them to the personal representative. As for the manner of presenting claims, the Probate Code provides in S.C.Code Ann. § 62–3–804(1) (Supp.1996) that a "claimant may *deliver or mail to the personal representative* a written statement of the claim ... and must file a written statement of the claim ... with the clerk of the probate court." The emphasized language is similar to that used in the elective share provision.

We held that under a liberal construction of section 62–3–804, the bills mailed to the personal representative, through his attorney, constituted presentation of the claim against the estate within the meaning of the statute. We relied on the Code's direction that its terms "shall be liberally construed and applied to promote its underlying purposes and policies." S.C.Code Ann. § 62–1–102(a) (1987). Esther urges this Court to likewise adopt a liberal interpretation of the terms of the elective share provision and to find that mailing of the notice to the estate's attorney rather than the personal representative constituted compliance with the requirements of the statute.

We agree with the probate court that *Tollison* is distinguishable. The claims statute considered in *Tollison* is merely a procedural device which describes the method for filing a claim with the probate court. In contrast, our Supreme Court has held the elective share statute is not remedial or procedural; rather, it is a statute of creation which *created* the right, not available at common law, for a surviving spouse to receive a portion of the deceased spouse's estate regardless of any provision that may have been made by will.

Although we certainly understand Esther's position that the personal representative apparently had actual knowledge of her claim, actual knowledge of the asserted claim is not dispositive. In *Simpson*, our Supreme Court noted the personal representative had actual knowledge of the surviving spouse's intended claim for an elective share. Nevertheless, the court held strict compliance with the terms of the elective share statute was mandated because it is a statute of creation. We find the Supreme Court's analysis in *Simpson* to be controlling in this instance. Accordingly, we are constrained to hold Esther's claim for an elective share must be disallowed because it is undisputed that she mailed the notice of her claim to the attorney for the estate instead of mailing or delivering the notice to the personal representative as required by section 62–2–205(a).

█ To the extent Esther argues Rule 5, SCRCP would require her to serve the notice of election on the estate's attorney, the allegation is without merit. Rule 5(a), SCRCP requires orders, pleadings, motions, notices, demands, offers of judgment, and similar papers to be served upon each of the parties. Rule 5(b), SCRCP further provides that whenever a party is represented by an attorney, service shall be made upon the attorney unless service upon the party himself is ordered by the court. The papers described in Rule 5 are not analogous to a claim for an elective share. Further, Rule 5 applies to litigation where an attorney is representing and standing in the place of the client. However, in estate matters, the attorney for the estate does not stand in the place of or represent the personal representative in a traditional lawyer/client relationship where the attorney is in complete control of the litigation. Therefore, Rule 5 is not applicable and does not override the Probate Code's requirement that the surviving spouse mail or deliver the notice of election to the personal representative.

█ As for Esther's contention that Rule 4.2 of the Rules of Professional Conduct, Rule 407, SCACR [5] would prohibit her

---

5. "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the

attorney from directly contacting the personal representative in order to effect mailing or delivery of the notice of election, we note that although it was raised on appeal to the circuit court, there is no indication in the record the issue was ever presented to and ruled on by the probate court. Accordingly, we need not address it. *Tupper v. Dorchester County,* 326 S.C. 318, 487 S.E.2d 187 (1997) (issue may not be raised for the first time on appeal); *Collins v. Pilgrim Health & Life Ins. Co.,* 201 S.C. 166, 21 S.E.2d 576 (1942) (issue should be raised in trial court and on appeal to be properly preserved for review). In any event, we find the allegation is without merit. The terms of the elective share statute demand strict compliance. Further, the lawyer/client relationship described in Rule 4.2 is not present here and the rule's prohibition on an attorney directly contacting a party represented by counsel is not applicable in these circumstances.

## 2. AUTHORITY TO HEAR MOTION FOR RECONSIDERATION

In his cross-appeal, the personal representative argues the circuit court did not have the authority to entertain Esther's motion for reconsideration brought under Rules 52 and 59(e), SCRCP because these rules govern post-trial, not appellate, procedure. We disagree. The circuit court has the authority to hear motions to alter or amend the judgment when it sits in an appellate capacity, and these motions are required in order to preserve issues for further review by the Court of Appeals or the Supreme Court in cases where the circuit court fails to address an issue raised by a party. *See Talley v. South Carolina Higher Educ. Tuition Grants Comm.,* 289 S.C. 483, 347 S.E.2d 99 (1986) (issue may not be raised for the first time on appeal); *Armstrong v. Union Carbide,* 308 S.C. 235, 417 S.E.2d 597 (Ct.App.1992) (party made Rule 59(e) motion where circuit court allegedly failed to rule on all of his exceptions); *United Dominion Realty Trust, Inc. v. Wal–Mart Stores, Inc.,* 307 S.C. 102, 413 S.E.2d 866 (Ct.App.1992) (where the circuit court sitting on appeal did not address an issue and Wal–Mart made no motion pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure to

consent of the other lawyer or is authorized by law to do so." Rule 4.2, Rule 407, SCACR.

have it rule on the issue, the allegation was not preserved for further review by the Court of Appeals).

## CONCLUSION

For the foregoing reasons, we hold Esther's petition for an elective share must be disallowed. The decision of the circuit court is

**AFFIRMED.**

CONNOR and HUFF, JJ., concur.