THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH 
 CAROLINA
 In The Court of Appeals

 
 
 
 
 Mary Catherine R. Furtick, 
 Respondent, 
 
 
 

v.
 
 
 
 
 Colby W. Furtick, 
 Appellant. 
 
 
 

Appeal From Orangeburg 
 County
  F. Lee Prickett, Jr., Special 
 Referee

Unpublished Opinion 
 No. 2004-UP-349
 Submitted May 12, 2004  Filed 
 May 25, 2004

AFFIRMED

 
 
 
 
 James B. Richardson, 
 Jr., of Columbia and Ladson H. Beach, Jr., of Orangeburg, for Appellant.
 Thomas B. Bryant, 
 III, of Orangeburg, for Respondent.
 
 
 

PER CURIAM: Colby 
 W. Furtick (Appellant) appeals from a special referees order finding a mortgage 
 held by him was unenforceable against Mary Catherine R. Furtick (Respondent) 
 due to the doctrine of laches.  We affirm.
FACTS
Respondent is the widow 
 of Appellants son, Michael.  Before his death, Michael signed two mortgages.  
 On April 30, 1974, Appellant conveyed to Michael a 200-acre tract of land for 
 Ten and 00/100 ($10.00) Dollars, love and affection.  In 1993, Appellant recorded 
 a mortgage (Mortgage 1) dated April 30, 1974, the same date as the conveyance 
 of property.  The mortgage was to secure an indebtedness of $45,000.  This mortgage 
 was held unenforceable by the special referee due to the statute of limitations 
 and laches and is not disputed here. 

 
On May 20, 1983, Michael 
 obtained a $50,000 loan from Southern Bank & Trust.  In order to secure 
 the loan, Michael gave Southern Bank a mortgage on the 200-acre tract of land.  
 In October 1985, Appellant negotiated to refinance with Southern Bank to pay 
 off Michaels mortgage.  Michael had been very ill and had accumulated significant 
 debts.  Southern Bank issued a new secured loan to Michael for $35,000 secured 
 by a mortgage.  Appellant guaranteed and endorsed this mortgage (Mortgage 2).  
 He also made a large payment of around $17,000 to reduce the size of the debt 
 from $50,000 to $35,000 for the new mortgage.  On December 26, 1989, (after 
 Michaels death on January 3, 1987) Appellant paid off the remaining balance 
 of the note and mortgage and had it assigned to himself.  Much later Appellant 
 had an assignment agreement formally executed between Southern Banks successor 
 in interest and himself on November 26, 1993 and filed on December 8, 1993.  
 Appellant never made a claim against Michaels estate for any part of this mortgage 
 debt.  
 
The only time that the 
 Respondent expressed any knowledge of the 1985 mortgage after her husbands 
 death was when she was asked by a bank employee Kathleen Fanning as to how she 
 would pay the loan off and Respondent said I told her that she [Kathleen Fanning] 
 would have to talk to Mr. Furtick.  Respondent further stated that Appellant 
 had never contacted Respondent about paying off the mortgage.     
 
 
In July 2000, pursuant 
 to a condemnation action against the 200-acre property, Respondent became aware 
 of the two mortgages upon the property.  Respondent had paid off most of an 
 unrelated first mortgage on the property with the Federal Land Bank, which was 
 used to build the marital home where she has been living since 1978.  Mortgage 
 1 and Mortgage 2 were the only additional liens on the tract.  Once Respondent 
 became aware of the additional mortgages in 2000, Appellant offered to cancel 
 all the debts (Mortgage 1 and 2) if the Respondent would give the land to her 
 children (by Appellants son Michael Furtick).  Respondent filed a declaratory 
 judgment action seeking a determination that the two mortgages were invalid 
 or unenforceable.  Respondent argued that equitable defenses  including laches 
  operated to invalidate the mortgages.  This matter was then referred to a 
 special referee.  
 
After a hearing on the 
 merits, the special referee found neither of the two mortgages was enforceable.  
 The referee concluded Mortgage 1 was unenforceable because of the statute of 
 limitations and laches and Mortgage 2 was unenforceable because of laches. 
 [1]   Appellant did not file a subsequent motion to alter or amend the judgment.
 
 STANDARD OF REVIEW  
 
A suit for declaratory 
 judgment is neither legal nor equitable, but is determined by the nature of 
 the underlying issue.  Felts v. Richland County, 303 S.C. 354, 356, 
 400 S.E.2d 781, 782 (1991).  An action to foreclose a real estate mortgage is 
 one in equity.  Carsten v. Wilson, 241 S.C. 516, 520, 129 S.E.2d 431, 
 434 (1963).  In actions in equity referred to a special referee with finality, 
 the appellate court may view the evidence to determine the facts in accordance 
 with its own view of the preponderance of the evidence, though it is not required 
 to disregard the findings of the special referee.  Florence County Sch. 
 Dist. #2 v. Interkal, Inc., 348 S.C. 446, 450, 559 S.E.2d 866, 868 (Ct. 
 App. 2002).
 
LAW/ANALYSIS 
 
 Appellant argues the 
 special referee erred in holding Appellant was barred from enforcing Mortgage 
 2 on the ground of laches.  Specifically, Appellant argues (1) he was not negligent 
 in failing to inform Catherine Furtick of the assignment of the mortgage to 
 himself and that she was not prejudiced by his delay and (2) laches is not a 
 defense to a mortgage foreclosure action and (3) in any event the statute of 
 limitations S.C. Code Ann. § 29-1-10 (Supp. 2003) supersedes any equitable defense.  
 We do not agree. 
Laches 

 
 
Laches is defined as 
 neglect for an unreasonable and unexplained length of time, under circumstances 
 affording opportunity for diligence, to do what in law should have been done.  
 Hallums v. Hallums, 296 S.C. 195, 198, 371 S.E.2d 525, 527 (1988).   
 
 
Whether the plaintiff 
 is barred by laches is to be determined in light of the facts of each case, 
 taking into consideration whether the delay has worked injury, prejudice, or 
 disadvantage to the other party.  Arceneaux v. Arrington, 284 S.C. 500, 
 503, 327 S.E.2d 357, 358 (Ct. App. 1985); see also Grossman v. Grossman, 
 242 S.C. 298, 309, 130 S.E.2d 850, 855 (1963) (Delay alone in the assertion 
 of a right does not constitute laches.  It must be shown in addition that such 
 delay has resulted in material prejudice to the defendant.).   
 
We concur with the special 
 referees finding that Appellants claim under Mortgage 2 failed due to laches.  
 Appellant held Mortgage 2 for eleven years, but did not take any active steps 
 to assert his rights until forced to do so by the condemnation action.  In fact, 
 Appellant did not record this mortgage assignment, which was executed Dec. 26, 
 1989, until Dec. 8, 1993 and never informed Respondent of its existence.  Appellant 
 even testified he had no plans to pursue the debt, as he wanted his grandchildren 
 to one day own the land.  In his testimony Mr. Furtick stated that the 
 reason he filed the assignment in 1993 was I felt like [Respondent] wasnt 
 taking care of the children, and her lifestyle, and I just thought Id try to 
 save it for the children.  He also stated in another point in his testimony 
 that he didnt like the way [Respondent] was treating the children.  We find 
 Appellant was clearly lax in initiating any type of proceeding against the mortgaged 
 property.  
 
We also find this inaction 
 served to prejudice Respondent.  Respondent, over the course of several years, 
 worked to pay down the balance of the first mortgage on the property.  At trial, 
 Respondent testified she was within two years of paying off the first mortgage 
 with the Federal Land Bank, which is not disputed here.  Thus, Respondent has 
 been prejudiced by Appellants delay, as she is now saddled with a previously 
 unknown second mortgage on the land. [2]   Perhaps if she had been aware of Mortgage 
 2, she would have taken steps to reduce that debt.  
 
Section 29-1-10 
Section 29-1-10 states, 
 in pertinent part:
 

 No mortgage or deed 
 having the effect of a mortgage or other lien shall constitute a lien upon 
 any real estate after the lapse of twenty years from the date for the 
 maturity of the lien. . . .  When there is no maturity stated or fixed in 
 the mortgage or the record of the mortgage, then the provisions hereof are 
 applicable from the date of that mortgage and that mortgage shall not constitute 
 a lien after the lapse of twenty years from the date thereof.   

S.C. Code Ann. § 29-1-10 
 (Supp. 2003).
 
We disagree with Appellants 
 contention that section 29-1-10 creates a bright line rule that a mortgage holder 
 can seek foreclosure on the last day of the twentieth year without having demanded 
 such payment earlier and cannot be barred by laches.  Since an action 
 to foreclose a mortgage is in equitythe equitable defenses 
 of laches, waiver and estoppel may be raised against the mortgagee.  
 Rakestraw v. Dozier Assocs., Inc., 285 S.C. 358, 360, 329 S.E.2d 437, 
 438 (1985).  The case law clearly provides that the issue of whether a party 
 is barred by laches from asserting a right is to be determined in light of the 
 facts of each case.  Furthermore, the cases cited by Appellant in support of 
 his argument for a bright line rule are factually distinct from the instant 
 case and do not support the existence of such a rule.  See, e.g., 
 F.Gregorie & Son v. Hamlin, 273 S.C. 412, 257 S.E.2d 699 (1979) (determining 
 laches was not a bar to the foreclosure action since it was instituted in same 
 year in which mortgagee first claimed ownership); Robinson v. Watson, 
 198 S.C. 396, 18 S.E. 215 (1941) (holding laches should not be applied as the 
 mortgagor benefited from the mortgagees delay); Leland v. Morrison, 
 92 S.C. 501, 75 S.E. 889 (1912) (finding the statute applied instead of laches 
 because the mortgagor had continuing knowledge of the mortgagees right to redeem). 
 
 
Accordingly, the special 
 referee did not err in finding Mortgage 2 unenforceable and invalid due to the 
 equitable doctrine of laches.
 
 CONCLUSION
 Based upon the foregoing, the special referee's order holding 
 Mortgage 2 unenforceable because of laches is

 AFFIRMED. 
ANDERSON, HUFF, and 
 KITTREDGE, JJ., concur.
 

 
 
 [1] Appellant is not appealing the special referees ruling as to Mortgage 
 1.  

 
 
 [2] The amount of indebtedness on Mortgage 2, including interest, was 
 calculated to be approximately $92,000.