THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mary F. Graves, Respondent,
v.
William M. Graves, as Personal Representative, Appellant,
In the Matter of: Estate of Lawrence B. Graves.
 
 
 

Appeal From Richland County
 G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-393
Submitted December 1, 2006  Filed December 6, 2006

AFFIRMED

 
 
 
Adele Jeffords Pope, of Columbia, for Appellant.
Jan L. Warner and Matthew E. Steinmetz, both of Columbia, for Respondent.
 
 
 

PER CURIAM: William Graves (Son), as personal representative of the estate of Lawrence Graves (Husband), appeals the circuit courts order granting Mary Graves (Wife) summary judgment.  Son argues the circuit court erred in finding as a matter of law that Wife did not waive her right to an elective share of Husbands estate.  We affirm.[1]
1.       Son argues the circuit court erred in refusing to find Wife waived her right to an elective share of Husbands estate.  If a married person domiciled in this State dies, the surviving spouse has a right of election to take an elective share of one-third of the decedents probate estate . . . .  S.C. Code Ann. § 62-2-201(a) (Supp. 2005).  The right of election of a surviving spouse . . . may be waived, wholly or partially, before or after marriage, by a written contract, agreement, or waiver signed by the party waiving after fair disclosure.  S.C. Code Ann. § 62-2-204 (1987) (emphasis added); see also Geddings v. Geddings, 319 S.C. 213, 215, 460 S.E.2d 376, 379 (1995) (The right of election of a surviving spouse may be waived by a written contract signed by the party waiving after fair disclosure. (emphasis added)).  Son admits there was no written contract,  agreement, or waiver signed by Wife waiving her right to an elective share of Husbands estate.  Accordingly, the circuit court did not err in granting Wifes motion for summary judgment. 
2.       The remaining issues are affirmed pursuant to Rule 220(b)(2), SCACR, and the following authorities: State v. Rogers, 361 S.C. 178, 183, 603 S.E.2d 910, 912-13 (Ct. App. 2004) (holding that to preserve an issue for appellate review the issue must have been raised to and ruled upon by the trial judge, raised by the appellant, raised in a timely manner, and raised to the trial judge with sufficient specificity); Tallent v. S.C. Dept of Transp., 363 S.C. 160, 165, 609 S.E.2d 544, 546 (Ct. App. 2005) (A party cannot use a motion to reconsider, alter or amend a judgment to present an issue that could have been raised prior to the judgment but was not.), cert. granted (July 14, 2005); Bodiford v. Spanish Oaks Farms, Inc., 317 S.C. 539, 547, 455 S.E.2d 194, 198-99 (Ct. App. 1995) (noting the appellate court need not address a point that is manifestly without merit). 
 AFFIRMED.
GOOLSBY, STILWELL, and KITTREDGE, JJ., concur. 

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.