# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Deborah T. Weeks, Respondent,

v.

David W. Weeks, Petitioner.

In Re: Estate of James Randall Weeks, Jr.

Appellate Case No. 2023-000890

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Aiken County
Courtney Clyburn Pope, Circuit Court Judge, and Tonya
L. Marchant, Probate Court Judge

---

Opinion No. 28247
Heard November 14, 2024 – Filed December 18, 2024

---

## AFFIRMED IN PART, DISMISSED AS IMPROVIDENTLY GRANTED IN PART, AND REMANDED

---

Clarke Wardlaw McCants, IV, Clarke W. McCants, III,
and Amy Patterson Shumpert, all of Nance & McCants,
of Aiken, for Petitioner.

Leon Edward Green, of Leon E. Green, PC, of Aiken, for
Respondent.

**JUSTICE HILL:** Deborah T. Weeks and James R. Weeks, Jr. married in 1998. James died in 2017. His 2001 will left everything to his two children from a previous marriage. At the time of James' death, he was still legally married to Deborah. Their relationship had been stormy. Deborah began several actions in the family court. Several temporary orders were issued, but all the actions were eventually dismissed in 2012. After James died and his estate was opened in the probate court, Deborah filed for an elective share of James' estate as the surviving spouse.

The probate court disallowed her claim. Deborah appealed to the circuit court, which affirmed the probate court in a Form 4 order. The court of appeals reversed. *Weeks v. Weeks*, Op. No. 2023-UP-151 (S.C. Ct. App. filed April 12, 2023). We granted certiorari as to two issues: (1) whether the court of appeals was right in holding Deborah was entitled to the elective share and (2) whether the court of appeals correctly reversed the probate court's ruling that certain real estate in James' estate should be valued using a minority discount. We affirm the court of appeals on the first issue and dismiss the writ as improvidently granted on the second.

## I.

The probate court reasoned Deborah was not entitled to the elective share because "there was essentially and for all practical purposes, a Family Court order terminating all marital rights and equitable distribution between the spouses."

The law on the elective share is straightforward. A surviving spouse is entitled to claim one-third of the deceased spouse's estate. S.C. Code Ann. § 62-2-201 (2022). The term "surviving spouse" excludes one who has been divorced from the decedent. S.C. Code Ann. § 62-2-802(b)(1) and (2) (2022). Also excluded from the definition of surviving spouse is "an individual who was a party to a valid proceeding concluded by an order purporting to terminate all martial property rights or confirming equitable distribution between spouses unless they are living together as husband and wife at the time of the decedent's death[.]" S.C. Code Ann. § 62-2-802(b)(3) (2022).

The probate court, for some reason, did not mention § 62-2-802 in its order. It was reversible error to conclude Deborah was not James' surviving spouse. The clear lights of § 62-2-802 show us she was. She and James did not divorce before he died. Their marital litigation was never "concluded by an order purporting to terminate all marital property rights or confirming equitable distribution." § 62-2-802(b)(3). The family court orders were, in caption and substance, temporary. *See Terry v. Terry*,

400 S.C. 453, 456–57, 734 S.E.2d 646, 648 (2012) (providing "temporary, *pendente lite*" family court orders "are, by definition, temporary—they neither decide any issue with finality nor affect a substantial right . . . ."). A glance at the temporary orders tells us Deborah and James had reached a temporary agreement as to some of their assets but planned to come back to court to sort things out with finality. There was no question they had not arrived at a final agreement and still had marital property yet to be divided. The last temporary order memorialized their agreement to pursue discovery and "cooperate with the identification and appraisement of all marital property." There is no such creature as a "temporary" equitable distribution order. Equitable distribution occurs only by a final order of the family court. S.C. Code Ann. § 20-3-620(C) (2014); *Terry*, 400 S.C. at 458, 734 S.E.2d at 649 (Hearn, J., concurring) ("Neither section 20-3-620(C) of the South Carolina Code nor case law provides that equitable distribution can be effected temporarily."). The only final order the family court issued was one dismissing their case, and it emphasized that "any order previously issued in the case shall be of no further effect."

Nor did Deborah waive her right to the elective share. Waiver is controlled by S.C. Code Ann. § 62-2-204 (2022):

> (A) The rights of a surviving spouse to an elective share, homestead allowance, and exempt property, or any of them, may be waived, wholly or partially, before or after marriage, by a written contract, agreement, or waiver voluntarily signed by the waiving party after fair and reasonable disclosures to the waiving party of the other party's property and financial obligations have been given in writing.

> (B) Unless it provides to the contrary, a waiver of all rights in the property or estate of a present or prospective spouse or a complete property settlement entered into after or in anticipation of separation or divorce is a waiver of all rights to elective share . . . .

Deborah did not waive her right to the elective share consistent with subsection (A) because there is no "written contract, agreement, or waiver" signed by Deborah. Subsection (A) allows for the elective share to be "waived by a written contract signed by the party waiving after fair disclosure." *Geddings v. Geddings*, 319 S.C. 213, 215, 460 S.E.2d 376, 377 (1995), *abrogated on other grounds by Matter of Est. of Kay*, 423 S.C. 476, 481, 816 S.E.2d 542, 545 (2018). The disclosure must also be in writing and reveal at least the approximate net worth of the disclosing party. §

62-2-204(A); *Geddings*, 319 S.C. at 215, 460 S.E.2d at 378.  There was no disclosure or signed waiver in this case.

Nor did Deborah waive her right to the elective share under subsection (B).  There was never any "complete property settlement entered into" by Deborah and James "in anticipation of separation or divorce."  § 62-2-204(B).  As we have said, the temporary orders were not only temporary but ephemeral.  They disappeared when the domestic actions were dismissed.

Something else should be said about § 62-2-204(B).  The Reporter's Comment explains that "[t]he operation of a property settlement as a waiver and disclaimer takes care of the situation which arises when a spouse dies while a divorce suit is pending."  § 62-2-204 reporter's cmt.  There was no final property settlement, and no divorce suit was pending when James died.  Why the parties decided to drop their family court battle and remain married may be a mystery to others, but § 62-2-204 is not about unraveling the baffles of human affairs.  It is about setting the boundaries of a surviving spouse's rights.  These rights are substantial, and the elective share statute must be construed in strict faithfulness to its plain terms.  *Simpson v. Sanders*, 314 S.C. 413, 415, 445 S.E.2d 93, 94 (1994); *see also Gallagher v. Evert*, 353 S.C. 59, 66–67, 577 S.E.2d 217, 221 (Ct. App. 2002) ("We decline to construe the elective share statute to imply anything other than the plain language it employs.").  Sometimes the law's boundaries do not parallel what some view as fair.  The probate court, believing the fair thing to do was grant Deborah nothing, set the law aside and imposed its own idea of fairness.  This it cannot do.

We add one more thing.  Somewhere in the course of this case lurks the notion that a surviving spouse can impliedly waive his or her right to the elective share.  We reiterate today that the elective share may only be waived by express compliance with § 62-2-204.  *See Matter of Patrick*, 303 S.C. 559, 562, 402 S.E.2d 664, 665 (1991) (rejecting theory that surviving spouse waived elective share by conduct, including property transfer that occurred while the parties were separated).

We therefore affirm the opinion of the court of appeals reversing the denial of Deborah's elective share claim.  The case is remanded to the probate court for proceedings consistent with this opinion and the opinion of the court of appeals.

**AFFIRMED IN PART, DISMISSED AS IMPROVIDENTLY GRANTED IN PART, AND REMANDED.**

**KITTREDGE, C.J., FEW, JAMES and VERDIN, JJ., concur.**