562 S.E.2d 613

**Dewey ACKERMAN, Jr., deceased, and The Children of Dewey Ackerman, Jr., Petitioners,**

v.

**3–V CHEMICAL, INC., employer, and Travelers Insurance Company, Respondents.**

No. 25432.

Supreme Court of South Carolina.

Heard Feb. 6, 2002.

Decided March 25, 2002.

Rehearing Denied May 15, 2002.

Preston F. McDaniel and H. Eugene Trotter, of Columbia, and Robert Lumpkin, Jr., of Georgetown, for petitioners.

Harry B. Gregory, Jr., of Tally & Gregory, LLC, of Columbia, for respondents.

Justice WALLER.

We granted certiorari to review *Ackerman v. 3–V Chemical, Inc.,* S.C. Ct.App. Order dated February 8, 2000. We affirm.

## FACTS

Fifty-eight year old Dewey Ackerman died of a heart attack on January 31, 1992, while working for his employer, 3–V Chemical, Inc. He was found dead on the break room floor. His children (Petitioners) filed for Worker's Compensation death benefits; the single commissioner awarded benefits, utilizing the "unexplained injury and death presumption." The full commission reversed, finding the "unexplained death presumption" inapplicable to this case. In an order filed January 7, 1997, the circuit court affirmed the full commission's ruling, finding the "unexplained death presumption" inapplicable.

It is undisputed that Petitioners received written notice of the entry of judgment on January 10, 1997; however, the

written order did not accompany the judgment form. Petitioners requested a copy of the order from the clerk's office approximately three and one-half weeks later, on February 3, 1997, which they received on February 5, 1997. On February 18, 1997, they filed a motion for rehearing or new trial pursuant to Rule 59(a)(2), SCRCP.[1] Over Employer's objection, the trial court reheard the matter and issued a new order, applying the "unexplained death presumption," thereby reinstating the single commissioner's award. The Court of Appeals reversed in an unpublished order, finding the circuit court was without jurisdiction to rehear the matter as Petitioners' Rule 59 motion was untimely.

## ISSUE

The sole issue on certiorari is what constitutes timeliness in filing a Rule 59, SCRCP, motion to reconsider.

## DISCUSSION

Rule 59(b), SCRCP, provides, in part,

The motion for a new trial shall be made ... not later than 10 days [after the jury is discharged]. In non-jury actions the motion shall be made not later than 10 days after the **receipt of written notice of the entry of judgment or of the filing of an order disposing of the action, if no judgment has been entered.**

(Emphasis supplied). Similarly, Rule 59(e) provides that "A motion to alter or amend the judgment shall be served not later than 10 days after **receipt of written notice of the entry of the order.**" (Emphasis supplied).[2]

Petitioners assert their Rule 59 Motion, filed 10 days after receipt of the written **order** on February 5, 1998, as opposed to within 10 days of their receipt of **notice of entry of**

---

1. February 15 was a Saturday, and Monday, February 17 was President's Day, such that the motion was filed within 10 days of their receipt of the written **order,** but not within 10 days of their receipt of **notice** of the written order.

2. Unlike South Carolina's rule, Federal Rule 59 has no notice provision and requires a motion for new trial or motion to alter to be filed "no later than 10 days after entry of judgment."

**judgment,** was timely. We disagree. There is simply no language in the rule permitting the motion to be served 10 days after receipt of the written **order;** it states 10 days after receipt of **written notice of the entry of judgment.** Petitioners received such notice on January 10, 1997.

Recently, the Court of Appeals held that where counsel had received written notice of the entry of judgment, but failed to request a copy of the written order for one month, his motion to reconsider was untimely. *Canal Ins. Co. v. Caldwell,* 338 S.C. 1, 524 S.E.2d 416 (Ct.App.1999), *cert. denied* May 25, 2000. We find the present case analogous to *Canal.*

Petitioners argue "due process" problems in requiring an appeal to be taken when the party is not in receipt of the order. The short and simple answer to this contention is that upon receiving written notice of the entry of an order or judgment, an attorney may immediately call and request a copy of the order. In this day of automation, virtually every court in the state has access to a fax machine via which an order may be immediately forwarded. To accept Petitioners' contention that they have 10 days from the receipt of the written order itself would mean that a party could effectively control the time in which to file a Rule 59 motion, simply by delaying a request for a copy of the order.

Petitioners also rely on Rule 203, SCACR(b)(1). This rule requires a notice of appeal be served "within 30 days after receipt of **written notice of entry** of the order or judgment," and states that "when a form or other short order or judgment indicates that a more full and complete order or judgment is to follow, a party need not appeal until receipt of written notice of entry of the more complete order or judgment." However, Rule 203 requires a copy of the order be filed with the notice of appeal if it has been reduced to writing.

In the present case, the Form 4 notice of entry of judgment sent to Petitioners does not indicate that a more complete order is to follow; it simply indicates that judgment has been entered. Moreover, although Rule 203(d)(2)(B) requires the appealing party to file a copy of the order challenged on appeal if it has been reduced to writing, there is no reason Petitioners could not have requested a copy of the order filed

on the date they received the written notice of the entry of judgment, i.e., January 10, 1997. Accordingly, their motion for reconsideration, filed more than 30 days after receipt of written notice of entry of judgment, was untimely. As such, the trial judge was without jurisdiction to act upon it. *See Leviner v.Sonoco Products Company*, 339 S.C. 492, 530 S.E.2d 127 (2000)(when no timely Rule 59 motion is made, trial judge loses jurisdiction over the matter). The Court of Appeals' judgment is

**AFFIRMED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.