**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mokhtar Elkachbendi, Appellant/Respondent,

v.

Anne K. Elkachbendi, Suzanne H. Ruth, Individually and as Trustee of the Suzanne H. Ruth Revocable Trust UDO February 25, 2003, Daniel Ruth and Suzanne H. Ruth Revocable Trust, Defendants,

Of Whom Anne K. Elkachbendi is Respondent/Appellant,

v.

Nouhza Elkachbendi Warning, Third-Party Defendant.

Appellate Case No. 2010-171286

———————

Appeal From Charleston County
Paul W. Garfinkel, Family Court Judge

———————

Unpublished Opinion No. 2012-UP-479
Heard June 21, 2012 – Filed August 15, 2012

———————

**AFFIRMED IN PART, DISMISSED IN PART, and REVERSED IN PART**

———————

Gregory S. Forman, of Charleston, for Appellant/Respondent.

David L. DeVane and Theresa Wozniak Jenkins, both of Ameika DeVane & Mack, of Summerville, for Respondent/Appellant.

---

**PER CURIAM:** In this cross-appeal, Mokhtar Elkachbendi (Husband) appeals from two orders of the family court: (1) the first, filed on May 6, 2010, granted Anne Elkachbendi (Wife) attorney's fees and costs related to the parties' divorce and (2) the second, filed on August 24, 2010, dismissed Husband's Rule 59(e), SCRCP, motion to alter or amend the May 6, 2010 order as untimely. Wife cross-appeals from the family court's August 24, 2010 order, contending the family court erred in denying her request for attorney's fees and costs incurred in responding to Husband's Rule 59(e)motion. We affirm in part, dismiss in part, and reverse in part.

1.      In deciding an appeal from the family court, "this Court may find facts in accordance with its own view of the preponderance of the evidence." *Miles v. Miles*, 393 S.C. 111, 117, 711 S.E.2d 880, 883 (2011). "Moreover, consistent with our constitutional authority for *de novo* review, an appellant is not relieved of his burden to demonstrate error in the family court's findings of fact. Consequently, the family court's factual findings will be affirmed unless 'appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'" *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E. 359, 360-61 (1899)).

2.      As to whether the family court erred in finding Husband's Rule 59(e) motion untimely, we affirm the family court's ruling. "A motion to alter or amend the judgment **shall be served not later than 10 days after receipt of written notice of the entry of the order**." Rule 59(e), SCRCP (emphasis added). In *Ackerman v. 3-V Chemical, Inc.*, "[t]he sole issue on certiorari [was] what constitutes timeliness in filing a Rule 59, SCRCP, motion to reconsider." 349 S.C. 212, 214, 562 S.E.2d 613, 614 (2002). There, the South Carolina Supreme Court rejected an argument that a Rule 59 motion filed ten days after receipt of the written order, but not within ten days of receipt of the Form Four notice of entry of the judgment, was timely: "There is simply no language in the rule permitting the motion to be served 10 days after receipt of the written **order**; it states 10 days after receipt of **written**

**notice of the entry of judgment.**" *Id*. at 215, 562 S.E.2d at 615. Furthermore, Rule 6, SCRCP, does not extend the time for filing and serving a Rule 59(e) motion: "The time for taking any action under [R]ules 50(b), 52(b), 59, and 60(b) may not be extended except to the extent and under the conditions stated in [the Rule]." Rule 6(b), SCRCP; *see also Witzig v. Witzig*, 325 S.C. 363, 366, 479 S.E.2d 297, 299 (Ct. App. 1996) ("Rule 6(e) is a pleadings rule **and applies only when service is effective upon mailing**. The extra five days provided by Rule 6(e) compensates for the time notice is in the mail.") (emphasis added).

"Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by first class mail upon every party . . . . Such mailing shall not be necessary to parties who have already received notice. **Such mailing is sufficient notice for all purposes for which notice of the entry of an order or judgment is required by these rules** . . . ." Rule 77(d), SCRCP (emphasis added). Here, it is undisputed that, pursuant to Rule 77(d) the clerk of the family court mailed the Form Four notice of entry of judgment to counsel of record for both parties on May 6, 2010.[1] When challenged as to the timeliness of his Rule 59(e) motion, Husband failed to offer any evidence regarding the date he received the Form Four notice of entry of judgment. *See Green v. Green*, 320 S.C. 347, 350-51, 465 S.E.2d 130, 132-33 (Ct. App. 1995) (upon Wife's challenge to the timeliness of a Rule 59(e) motion, the family court found Husband had produced credible evidence of the motion's timeliness; on appeal, the court of appeals upheld the family court's implicit credibility determination that the motion was timely served). We affirm the family court's finding that Husband's Rule 59(e) motion was untimely.

Husband filed and served his appeal from the family court's May 6, 2010 order on September 2, 2010. A timely post-trial motion stays the time for appeal; however, an untimely post-trial motion does not stay the time for appeal. *Canal Ins. Co. v. Caldwell*, 338 S.C. 1, 5, 524 S.E.2d 416, 418 (Ct. App. 1999).

> When seeking review of a family court's order, a notice of appeal must be served on all respondents within thirty days after receipt of written notice of the order or judgment. Service of the notice of appeal is a 'jurisdictional requirement, and this Court has no authority to extend or expand the time in which the notice of intent to appeal must be served.' A timely post-trial motion, including a motion to alter or amend the

---

[1] On May 6, 2010, Jack Cordray was counsel of record for Husband.

> judgment pursuant to Rule 59(e), SCRCP, stays the time
> for an appeal for all parties until receipt of written notice
> of entry of the order granting or denying such motion.

*Camp v. Camp*, 386 S.C. 571, 574-75, 689 S.E.2d 634, 636 (2010) (citations omitted); *see also State v. Cooper*, 342 S.C. 389, 397, 536 S.E.2d 870, 875 (2000) ("When either party files a timely Rule 59, SCRCP motion, the time to appeal for all parties is stayed until the motion is resolved."). Because this court has no jurisdiction over Husband's appeal of the family court's May 6, 2010 order, we dismiss Husband's appeal.

3.      As to Husband's estoppel argument, we find this issue unpreserved because Husband failed to raise this issue to the family court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *see also* Jean Hoefer Toal, et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity.").

4.      As to whether the family court erred in denying Wife's request for $6,638.65 in attorney's fees incurred in responding to Husband's post-trial motion, we reverse. *See Griffith v. Griffith*, 332 S.C. 630, 645, 506 S.E.2d 526, 534 (Ct. App. 1998) ("In determining whether to award attorney's fees, the court should consider each party's ability to pay his or her own fee; the beneficial results obtained by the attorney; the parties' respective financial conditions; and the effect of the attorney's fee on each party's standard of living." (citing *E.D.M. v. T.A.M.*, 307 S.C. 471, 415 S.E.2d 812 (1992))). In reversing, we note the family court's extensive consideration of these factors in its May 6, 2010 order. Furthermore, we note Wife prevailed in her efforts to show that Husband's Rule 59(e) motion was untimely. Accordingly, we award Wife attorney's fees of $6,638.65.

**AFFIRMED IN PART, DISMISSED IN PART, and REVERSED IN PART.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**