661 A.2d 412

John T. TREZAK, Frank Peter Treciakiewicz and Joan Ann Reilly, Co–Executors of the Estate of Frank Trzeciakiewicz

v.

Frances JIERSKI and Dolores Weiss, Administratrix of the Estate of Emma Kozlowski, Appellants.

Superior Court of Pennsylvania.

Argued May 9, 1995.

Filed July 13, 1995.

Joseph S. Colbassani, Scranton, for appellants.

Storm G. Feigles, Francis J. Wormuth and R. Mey, Scranton, for appellees.

Before CAVANAUGH, McEWEN and TAMILIA, JJ.

TAMILIA, Judge.

Frances Jierski and Dolores Weiss, administratrixes of the estate of Emma Kozlowski, a/k/a Emma Trzeciakiewicz, hereinafter "wife," appeal from the September 24, 1994 Order dismissing their exceptions to and making final the Master's August 11, 1994 recommendations which found, inter alia, the appellees herein, John T. Trezak, Frank P. Treciakiewicz and Joan A. Reilly, co-executors and heirs of the estate of Frank Trzeciakiewicz, hereinafter "husband," were entitled to enforce husband's right of election to take against wife's will. The plethora of parties, protracted litigation and the legal maneuvering which preceded this appeal necessitate a complete recitation of the facts as set forth in the parties' stipulation.

Husband and wife were married in October, 1964. Wife died on July 10, 1982 and on September 8, 1982, her will was submitted for probate. On October 1, 1982, husband filed an appeal from probate challenging the validity of the will. On October 22, 1982, appellants responded, alleging husband had forfeited his spousal rights. On August 6, 1985, the court issued an Order dismissing appellants' claim of forfeiture. The Order became final on January 8, 1986. On July 11, 1987, wife's estate challenged the validity of her will and the parties agreed in the event the document was determined to be a will, husband would receive a one-third interest and, should it be found invalid, husband was to be awarded a one-half interest in wife's estate.[1] On September 17, 1987, the court found wife's document was indeed her last will and testament. One day later, on September 18, 1987, husband filed an election to take against the will thereby exercising his spousal rights. On October 15, 1987, husband appealed from the court's Order finding the document was a will. On October 19, 1987, husband died and appellees were appointed executors of his estate. Husband's appeal from the September 17, 1987 Order was dismissed for failure to file a brief. On April 14, 1989, appellees herein filed an action in partition seeking one-third

---

1. Apparently the issue of the validity of wife's will was not resolved when initially challenged in husband's 1982 petition.

of wife's real estate. Appellants answered, admitting husband had elected to take against wife's will, but arguing appellees could not enforce husband's spousal election because husband failed to perfect said election during his lifetime. The Master found husband's heirs/executors had the power to enforce his spousal election following his demise, and this finding was affirmed by Order dated September 24, 1994. This appeal followed.

Appellants' sole argument is husband's heirs may not exercise his imperfected spousal election to take against wife's will.

The applicable statute is set forth in pertinent part below:

**§ 2206. Right of election personal to surviving spouse**

The right of election of the surviving spouse may be exercised in whole or in part only during his lifetime by him or by his attorney-in-fact in accordance with section 5603(d) (relating to implementation of power of attorney)....

20 Pa.C.S. § 2206. Based on this statute, the Master found husband's heirs were entitled to pursue the claim husband had initiated prior to his demise, noting the operative, statutory word "exercise" is defined in a legal sense as:

'To make use of; thus to exercise a right or power is to do something which enables the holder to do.' The exercise of a right of election is to enable the holder of the right of election, here Frank Trzeciakiewicz, to claim a one-third (⅓) share in his late spouse's estate. The right has been exercised but not yet enforced. What the statute enables Frank Trzeciakiewicz to do is to actually receive one-third ( ⅓) of his late spouse's estate.

(Master's Recommendations, 8/11/94, p. 2.) In support of his position, the Master relied on *Krasney Estate*, 10 Pa.D. & C.2d 450, 7 Fiduciary Rep. 403 (1958), wherein the court found there was no reason in law or equity why the claims of a surviving spouse, now deceased, being pursued by her heirs, should be weakened by death. *Id.* We agree with these findings as adopted by the trial court.

Although caselaw on this issue is sparse, that which this Court has reviewed indicates once a surviving spouse has

declared his intent or initiated proceedings to take against a deceased spouse's will, the action may be pursued by the heirs or executors of the estate of surviving spouse who has had the misfortune of dying before the extent of his or her bounty has been determined. *See Buckland's Estate,* 239 Pa. 608, 86 A. 1098 (1913) (The estate of husband, who had elected during his lifetime to take against wife's will, was entitled to whatever benefit had accrued to husband by reason thereof); *Greiner's Appeal,* 103 Pa. 89 (1883) (The fact widow died before her share in husband's estate was ascertained in no way defeated her right to the property which had vested in her as a result of the election she had made during her lifetime to take against husband's will); *Paul's Executors v. Paul,* 36 Pa. 270 (1860) (Widow's filed election to take against husband's will was determined to be an adequate demand of her dower, enabling her personal representative, after widow's demise, to continue an action to secure her rights).

Order affirmed.

McEWEN, J., concurs in the result.