479 S.E.2d 297

**Terese Gagnon WITZIG, Respondent,**

v.

**Wendy A. WITZIG, Individually and as Personal Representative of the Estate of Fred Witzig, and the Estate of Fred Witzig, Appellants.**

No. 2601.

Court of Appeals of South Carolina.

Submitted Oct. 1, 1996.

Decided Dec. 9, 1996.

Jack L. Schoer, Aiken, for appellants.

Richard L. Pearce, Toole & Toole, Aiken, for respondent.

HEARN, Judge:

Respondent, Terese Gagnon Witzig, commenced this action to remove Appellant, Wendy Witzig, as the personal representative of the estate of her father, Fred Witzig. The probate court denied the removal and the master-in-equity reversed the decision of the probate court. We reverse and reinstate the order of the probate court.[1]

## FACTS

Respondent and Fred Witzig were married on May 24, 1986. On May 24, 1994, the Circuit Court of Madison County, Alabama, issued a Final Judgment of Divorce from Bed and Board to Fred and Terese Witzig. That order incorporated an agreement between the deceased and Respondent which equitably divided their property and allegedly resolved all issues relating to the dissolution of their marriage.

Fred Witzig resided in Aiken County at the time of his death on December 24, 1994. His daughter, the Appellant, was appointed personal representative of his estate on January 10, 1995. Thereafter, Respondent sought to remove Appellant and have herself appointed personal representative on the ground that she was the wife of the deceased.

The probate court, relying on S.C.Code Ann. § 62–2–802(b)(3) (1987), held that Respondent was not the surviving spouse of Fred Witzig. Pursuant to that provision of the probate code, "a surviving spouse does not include.... (3) a person who was a party to a valid proceeding concluded by an

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

order purporting to terminate all marital property rights or confirming equitable distribution between spouses." Therefore, by order dated April 25, 1995, the probate court denied Respondent's application to remove Appellant as personal representative.

Respondent's attorney received a copy of the probate court's order on May 1, 1995. The appeal was referred, with finality, to the master-in-equity for Aiken County. Respondent filed a notice of appeal to the circuit court dated May 15, 1995. Thereafter, Appellant filed a motion to dismiss the appeal, asserting the appeal was not timely filed.

By order dated December 15, 1995, the master-in-equity, sitting as special circuit judge, denied Appellant's motion to dismiss the appeal and reversed the decision of the probate court, holding that the Alabama decree did not terminate all property rights and that S.C.Code Ann. § 62–2–802(b)(3) was thus inapplicable.

## DISCUSSION

On appeal, Appellant asserts, *inter alia,* that the master erred in failing to dismiss the appeal because it was not timely filed. We agree.

The master found Respondent filed her appeal within fifteen days of the mailing of the probate court order. Although he recognized that S.C.Code Ann. § 62–1–308(a) (1987 & Supp. 1995) requires that the notice of intention to appeal from probate court to circuit court must be filed and served within ten days after receipt of written notice of the order, he held that Rule 6(e), SCRCP, afforded Respondent five additional days due to mailing. The master also held that Rule 74, SCRCP, allowed an appellant thirty days in which to appeal to circuit court.

S.C.Code Ann. § 62–1–308(a) provides that notice of intention to appeal from the probate court to the circuit court "must be filed in the office of the circuit court and in the office of the probate court and a copy thereof served on all parties within *ten* days after receipt of written notice of the decision appealed from order, sentence, or decree of the probate court." (emphasis added). Rule 6(e), SCRCP, states: "Whenever a party has the right or is required to do some act

or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail ... five days shall be added to the prescribed period." Rule 74, SCRCP, imposes a general thirty-day deadline for filing notice of appeal to the circuit court from the order of an inferior court. While it requires service on all parties of notice of appeal "within thirty (30) days after receipt of written notice of the judgment, order, or decision appealed from," Rule 74 applies only "when no time is fixed by statute." Rule 74, SCRCP.

It is a well settled principle of statutory construction that specific laws prevail over general laws, and later legislation takes precedence over earlier legislation. *Langley v. Pierce*, 313 S.C. 401, 405, 438 S.E.2d 242, 243 (1993). Thus, the specific ten-day filing period provided by S.C.Code Ann. § 62–1–308(a) controls over the general provisions of Rule 74, SCRCP. Moreover, although Rule 74, which was adopted prior to the enactment of the amended version of section 62–1–308(a), provides thirty days for appeals to circuit court, it specifically states "the notice of intention to appeal shall be filed ... within the time provided by the statute, or by this rule when no time is fixed by statute...."

Rule 6(e), SCRCP, does not provide an additional five days to file a notice of intent to appeal. Unlike Rule 74, SCRCP, and S.C.Code Ann. § 62–1–308(a), which pertain to appeals, Rule 6(e) is a pleadings rule and applies only when service is effective upon mailing. The extra five days provided by Rule 6(e) compensates for the time notice is in the mail. James F. Flanagan, *South Carolina Civil Procedure* 52 (2d ed. 1996). Even though an order is effective when filed and may be served by mail, the deadline for filing notice of intent to appeal does not begin to run until *receipt* of the notice of the order appealed from, as opposed to the date the notice of the order was mailed. S.C.Code Ann. § 62–1–308(a) (requiring notice of intention to appeal within ten days after receipt of notice of probate court's order).

Because of our disposition of this issue, it is not necessary for us to reach the remaining grounds for appeal raised by Appellant. Respondent's appeal from the probate court order

was not timely filed; therefore, the master's order must be reversed and the order of the probate court reinstated.

**REVERSED.**

CONNOR and STILWELL, JJ., concur.