577 S.E.2d 217

**Gregg M. GALLAGHER, as Personal Representative of the Estate of Eleanor L. Evert, Appellant,**

**v.**

**Robert C. EVERT, as Personal Representative of the Estate of George C. Evert, Respondent.**

No. 3573.

Court of Appeals of South Carolina.

Heard Oct. 10, 2002.

Decided Nov. 25, 2002.

Rehearing Denied Feb. 26, 2003.

---

60

Fredrick Scott Pfeiffer, of Greenville; and William A. Bryan, of Surfside Beach, for Appellant.

David J. Gundling, and H. Randolph Haldi, both of Pawleys Island, for Respondent.

HEARN, C.J.:

The central issue in this case is whether the estate of a surviving spouse who had filed her elective share claim may receive that share when the surviving spouse dies before the determination of her elective share. We hold that the estate is entitled to the share.

## FACTS

Husband and Wife married in April of 1993. Husband died testate on January 5, 1998, survived by Wife and a son, Robert Evert, from a previous marriage. Husband's will dated June 26, 1990, which was admitted to probate on February 23, 1998, named his son as personal representative and sole heir. On May 1, 1998, Wife filed an Election by Surviving Spouse to

take an elective share of Husband's estate. Wife died on May 18, 1999, and her son from a previous marriage, Gregg Gallagher, was appointed personal representative of her estate. Gallagher brought this action in probate court in his capacity as personal representative of her estate to recover Wife's elective share.[1]

The probate court denied the elective share to Wife's estate, holding that the elective share was intended to provide for the surviving spouse during the remainder of her lifetime "so as to prevent the surviving spouse from becoming a ward of the state." It further found that the elective share "was not intended to be employed so as to augment an estate for the benefit of heirs." Finally, the probate court held that any claim for an elective share was fully satisfied by non-probate assets. However, the probate court ordered Husband's estate to pay Wife's estate $8,000 as reimbursement for a previous estate debt paid by Wife and also ordered Husband's estate to pay attorney's fees to Wife's estate. Both parties appealed to the circuit court.

On May 26, 2000, the circuit court issued an order affirming the probate court's denial of the elective share, reversing the probate court's grant of attorney's fees to Wife's estate, and reversing the probate court's decision to reimburse Wife's estate with $8,000. While the circuit court found the probate court erred in concluding the right to an elective share does not survive the death of a surviving spouse, it affirmed the denial of the elective share finding "it would be absurd to hold that the heirs of Mrs. Evert's estate should be entitled to the benefits of an elective share simply because the surviving spouse made the election during her lifetime." The circuit court found the result unjust, as well as absurd, and placed particular significance on the fact that Wife received over $219,000 in non-probate assets.

Gallagher served a motion to alter or amend the circuit court's order pursuant to Rule 59(e), SCRCP. The circuit court denied the motion and Gallagher now appeals from the

---

1. Wife's claim as an omitted spouse was denied by the probate court, which found that Husband adequately provided for her outside of the will, leaving her with $219,351.99 in non-probate assets. Gallagher does not appeal the denial of the omitted spouse claim.

circuit court's finding that Wife's estate was not entitled to her elective share of Husband's estate, that it was not entitled to an $8,000 loan repayment from Husband's estate, and that it was not entitled to attorney's fees.

## DISCUSSION

### I. Timeliness of Gallagher's appeal to Circuit Court

■■■ As an initial matter, we address Evert's argument that Gallagher failed to timely appeal the decision of the circuit court by failing to provide the circuit court proper notice of his motion to alter or amend judgment as required by Rule 59(g), SCRCP. Evert contends that because a copy of the Rule 59(e) motion was not provided to the circuit court within ten days of the filing of the motion, the time for appeal was not stayed, and thus this appeal is untimely under Rule 203, SCACR. We disagree.[2]

Although the circuit court acknowledged that it never received a copy of the motion until December 12, 2000, and "on this ground alone" it could deny the motion, the circuit court went forward and considered the matters presented in Gallagher's memorandum in support of the motion. Because the circuit court found it appropriate to hear the matter, we find no error in the circuit court's decision to decide the motion despite Gallagher's failure to comply with Rule 59(g), SCRCP. The notes to Rule 59, SCRCP, indicate that subsection (g) was added "to help insure the judge is promptly notified that the motion has been filed." There is no indication that the failure to transmit a copy of the motion to the circuit court affects the tolling provision of Rule 203(b)(1), SCACR. Therefore, the time for filing the notice of appeal did not begin to run until after the circuit court denied the motion on December 27,

---

2. Initially, we questioned whether Evert preserved this issue for our review because he never made a motion to dismiss to the circuit court for failure to comply with Rule 59(g) *See Holy Loch Distrib., Inc. v. Hitchcock*, 340 S.C. 20, 531 S.E.2d 282 (2000) (stating in order to preserve issue for appellate review issue must have been raised to and ruled upon by the trial judge). However, because the issue goes to the circuit court's subject matter jurisdiction to hear the motion, we address the merits of Evert's argument. *See Brown v. State*, 343 S.C. 342, 540 S.E.2d 846 (2001) (stating issues raising questions of subject matter jurisdiction may be raised for the first time on appeal).

2000. After the circuit court denied the motion, only twenty days passed before Gallagher filed his notice of appeal on January 16, 2001, thus Gallagher complied with Rule 203(b), SCACR.

## II.  Elective Share

■ Gallagher argues the circuit court erred in refusing to allow Wife's estate to recover her elective share of Husband's estate. We agree.

The issue of whether the heirs of a surviving spouse are entitled to the surviving spouse's elective share where the spouse applies for the share, but dies prior to its determination, is an issue of first impression in this state. We begin our analysis by considering the language of the statute governing the elective share. Section 62–2–201 provides that "if a married person domiciled in this State dies, the surviving spouse has a right of election to take an elective share of one-third of the decedent's probate estate." S.C.Code Ann. § 62–2–201(a) (Supp.2001). Additionally, Section 62–2–203 provides that "the right of election of the surviving spouse may be exercised only during his lifetime by him or by his duly appointed attorney in fact." [3]  S.C.Code Ann. § 62–2–203 (Supp.2001).

■ The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996). "Unless there is something in a statute requiring a different interpretation, the words used in the statute must be given their ordinary meaning." *Mullinax v. J.M. Brown Amusement, Co.,* 326 S.C. 453, 458, 485 S.E.2d 103, 106 (Ct.App.1997). "Statutes, as a whole, must receive practical, reasonable, and fair interpretation, consonant with the purpose, design, and policy of lawmakers." *TNS Mills, Inc. v. South Carolina Dep't of Revenue,* 331 S.C. 611, 624, 503 S.E.2d 471, 478 (1998). If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there

---

**3.** We foreclose any question that Wife was not a surviving spouse as contemplated by the statute as she did not fall within any of the categories that defines who is not to be considered a surviving spouse under S.C.Code Ann. § 62–2–802(b) (Supp.2001).

is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning. *Miller v. Doe*, 312 S.C. 444, 447, 441 S.E.2d 319, 321 (1994). "On the other hand, where a statute is ambiguous, the Court must construe the terms of the statute." *Lester v. South Carolina Workers' Compensation Comm'n*, 334 S.C. 557, 561, 514 S.E.2d 751, 752–53 (1999).

When confronted with this question, other jurisdictions with similar elective share statutes have determined that when a surviving spouse has validly exercised her right to the elective share, her personal representative may file a petition for the elective share determination for the benefit of the surviving spouse's estate. In *Smail v. Hutchins*, 491 So.2d 301, 302 (Fla.App.1986), the court found that "the right to share in the decedent's estate is not lost if the surviving spouse dies after the election but before the court determines the amount of the elective share." The Florida court rejected the argument that the heirs and not the surviving spouse would benefit:

> While this argument has been recognized to prevent a personal representative from exercising a deceased "surviving" spouse's election, the reasoning is unavailing here. That heirs of a surviving spouse may benefit from an election is not determinative. **What is determinative is whether the surviving spouse validly exercised the election.** Merely because a surviving spouse's heirs may benefit from an election is no reason to deny the surviving spouse's statutory right to choose the elective share. If a surviving spouse dies shortly after receiving the elective share the heirs will most certainly be the primary beneficiaries of the election.

*Id.* at 303 (emphasis added) (internal citations omitted).

Pennsylvania addressed a similar situation in *Trezak v. Jierski*, 443 Pa.Super. 276, 661 A.2d 412 (1995), and determined that a surviving spouse's heirs could pursue her elected but undetermined share. The Pennsylvania Superior Court found "there was no reason in law or equity why the claims of a surviving spouse, now deceased, being pursued by her heirs, should be weakened by death." *Id.* at 413.

Similarly, the Nebraska Supreme Court has held that once a surviving spouse petitions for her elective share that right becomes vested.

> When a surviving spouse has petitioned for an elective share, the right to pursue an elective share is no longer a surviving spouse's potential personal right subject to abatement, but has become a right vested in the surviving spouse. Therefore, if a surviving spouse dies after filing a petition for an elective share ..., the proceeding to enforce the spouse's election as a vested right may be revived by the personal representative of the estate of the spouse who has made the election but who has died before distribution of property pursuant to the elective share.

*In re Estate of Stephenson,* 243 Neb. 890, 503 N.W.2d 540, 545 (1993).

Significantly, Pennsylvania, Florida, and Nebraska's elective share statutes are similar to our elective share statute in that the right of election may be exercised only during the lifetime of the surviving spouse. Furthermore, none of these states' statutes indicates an intent to provide for the needs of the surviving spouse only during her lifetime.[4] *See* Fla. Stat. Ann. §§ 732.201, 732.2125 (Supp.2001); Neb. Rev. State. § 30–2137 (Supp.2001); Pa. Stat. Ann. §§ 2206, 2203 (Supp.2001).

■ When the elective share statute was enacted in 1987, South Carolina's common law did not require a spouse to devise any of her property to a surviving spouse. Thus, S.C.Code Ann. § 62–2–205 "is a statute of creation, and strict compliance with its terms is mandatory in order to exercise the right to an elective share." *Simpson v. Sanders,* 314 S.C. 413, 415, 445 S.E.2d 93, 94 (1994). We decline to construe the elective share statute to imply anything other than the plain

---

4. Only one state, New Jersey, holds a contrary view. Unlike South Carolina and other states, the New Jersey elective share statute is a "need based" statute, "which differs significantly from the Uniform Probate Code from which the elective share is derived." *In the Matter of the Estate of Bilse,* 329 N.J.Super. 158, 746 A.2d 1090, 1093 (1999). New Jersey courts have interpreted the "primary purpose of the statute may not be simply to provide an inheritance to the survivor's heirs." *Id.* at 1092. Because New Jersey uses an augmented estate method in determining the amount of the elective share, the effect is to "grant a share [to the surviving spouse] only to the extent that is required for support." *Id.*

language it employs. Our statute provides that the "election" of the share must be made during the surviving spouse's lifetime; thus, once the spouse survives his or her spouse's death and makes the election, that requirement is met.

■ Moreover, we are inclined to agree with those jurisdictions which hold that once a valid election is made, that right becomes vested in the surviving spouse and would pass to her estate at her death. In the absence of any language in the statute to the contrary, we find that the type of interest embraced by the elective share is a fee simple estate. We find no support in the statute or the case law for characterization of the elective share as a life estate. Accordingly, we hold a surviving spouse's estate may recover the elective share when the surviving spouse dies after making the election but before the probate court determines the share.

Because Wife's estate was entitled to recover her elective share, we find the circuit court erred in denying recovery of the share. The circuit court held that a recovery would be an absurd and unjust result due to the significant amount of non-probate assets Wife's estate received after Husband's death. However, we can envision numerous situations in which an absurd result would occur if the elective share were denied to a surviving spouse's estate even when a valid election has been made during the life of the surviving spouse. For example, it would be absurd to deny Wife's estate the right to recovery here, but allow it if the Wife had died the day after the hearing determining her share, but prior to the issuance of the final order.

■ Our legislature has mandated that a surviving spouse is entitled to recover an elective share unless the spouse has made a valid waiver in writing. *See* S.C.Code § 62–2–204 (Supp.2001). "Thus, the legislature has indicated that the right to receive the elective share is a substantial one." *Seifert v. Southern Nat'l Bank of South Carolina,* 305 S.C. 353, 357, 409 S.E.2d 337, 339 (1991). Any benefits the surviving spouse may obtain through non-probate assets of the deceased spouse's estate are immaterial to the surviving spouse's right to seek an elective share of the estate. Therefore, it was improper for the circuit court to consider the non-probate assets.

### III. Attorney's Fees and Debt Repayment

Gallagher next argues the circuit court erred in reversing the probate court's award of attorney's fees and the $8,000 debt repayment. Specifically, he argues the circuit court lacked jurisdiction to decide these issues. We agree.

South Carolina Code Ann. § 62–1–308(a) (Supp.2001) requires that notice of an intent to appeal from the probate court to the circuit court must be filed and served within ten days after receipt of the probate court's written order. The statute further requires that the grounds for appeal must be filed and served within forty-five days after receipt of the written order. Evert received the probate court's final order on September 7, 1999, but did not file his notice of intent to appeal the award of attorney's fees and debt repayment until October 4, 1999. Furthermore, Evert did not file and serve his grounds for appeal until November 2, 1999. Because he did not timely appeal from the probate court, the circuit court lacked subject matter jurisdiction to address these issues. Accordingly, we reinstate the probate court's order awarding the $8,000 debt repayment and attorney's fees to Wife's estate.[5] *See Witzig v. Witzig,* 325 S.C. 363, 366–67, 479 S.E.2d 297, 298 (Ct.App.1996) (finding respondent's appeal from the probate court to the circuit court not timely filed, thus, reinstatement of the probate court's order was required).

### CONCLUSION

We find the circuit court erred in determining that Wife's estate was not entitled to pursue her elective share from Husband's estate and remand to the probate court for a determination of the elective share. Additionally, we vacate the circuit court's ruling with respect to attorney's fees and

---

**5.** We note that the probate court erred in awarding attorney's fees to Wife's estate. As a general rule, "attorney's fees are not recoverable unless authorized by contract or statute." *Dowaliby v. Chambless,* 344 S.C. 558, 561, 544 S.E.2d 646, 647–48 (Ct.App.2001). There is no statutory provision that allows for the recovery of attorney's fees for elective share proceedings. *See* S.C.Code Ann. § 62–1–302 (Supp. 2001). However, as Evert failed to appeal the propriety of the award, this is now the law of the case. *See Buckner v. Preferred Mut. Ins. Co.,* 255 S.C. 159, 161, 177 S.E.2d 544, 544 (1970) (stating an unchallenged ruling, "right or ·wrong, is the law of the case and requires affirmance").

debt repayment and reinstate the probate court's award of the fees and $8,000 to Wife's estate.

**REVERSED and REMANDED IN PART, and VACATED IN PART.**

GOOLSBY and HOWARD, JJ., concur.