714 S.E.2d 547

**Betty Ann ALLISON, as Personal Representative of the Estate of Benjamin Allison, Respondent,**

v.

**W.L. GORE & ASSOCIATES, Appellant.**

**No. 27031.**

Supreme Court of South Carolina.

Heard June 9, 2011.

Decided Aug. 22, 2011.

Carmelo B. Sammataro, of Turner, Padget, Graham & Laney, of Columbia, and O. Shayne Williams, of Turner, Padget, Graham & Laney of Greenville, for Appellant.

Marion Clyde Fairey, Jr., of Hampton, for Respondent.

Justice PLEICONES.

 This is a direct appeal in a workers' compensation case from a master's order reversing the Full Commission and finding respondent's decedent [1] is totally disabled as the result of an occupational disease. On appeal, appellant (Employer) contends this matter should have been dismissed because respondent's admittedly untimely appeal to the Commission deprived the Commission of jurisdiction. We agree that the untimely appeal to the Commission requires that we vacate

---

1. Respondent's decedent (Benjamin Allison) died in 2008 and his estate has been substituted.

both the master's order and the decision of the Full Commission.

## ISSUE

Did respondent's failure to file a Form 30 with the Commission within fourteen days of receiving notice of the single commissioner's order deprive that body of appellate jurisdiction?

## ANALYSIS

South Carolina Code Ann. § 42–17–50 (Supp.2010) provides for an appeal to the Commission from the decision of a single commissioner if the "application for review is made to the Commission within fourteen days from the date when notice of the award shall have been given. . . ." 25A S.C. Reg. 67–701 (Supp.2010) provides that such review shall be done by a Form 30, and that "the fourteen day period is jurisdictional." Reg. 67–701 A. Here, respondent did not file his Form 30 within fourteen days of receiving notice of the single commissioner's order, and Employer moved before the Commission to dismiss the appeal arguing the Commission lacked subject matter jurisdiction. The Commission denied the motion, emphasizing the appeal was only two days late and that it resulted from respondent's attorney's error. The Commission upheld the single commissioner's denial of benefits.

Employer took no immediate appeal from the interlocutory order denying its motion to dismiss, but raised the denial in respondent's appeal to the circuit court. The master determined that by Employer's failure to take an immediate appeal, the ruling that the Commission had "subject matter" jurisdiction over respondent's appeal was rendered the law of the case. This was error.

■ Employer argues, and we agree, that it could not immediately appeal the order denying the motion to dismiss. Pursuant to S.C.Code Ann. § 42–17–60 (1990), an appeal from the Commission may be taken to circuit court "under the same terms and conditions as govern appeals in ordinary civil actions." This statutory language has been interpreted to allow an immediate appeal from an interlocutory order of the

Commission only where the order "affects the merits." *Chastain v. Spartan Mills,* 228 S.C. 61, 88 S.E.2d 836 (1955); *see also King v. Singer Co. Power Tool Div.,* 276 S.C. 419, 279 S.E.2d 367 (1981); *Brunson v. Am. Koyo Bearings,* 367 S.C. 161, 623 S.E.2d 870 (Ct.App.2005). A circuit court order denying a motion to dismiss for lack of subject matter jurisdiction is not directly appealable because, among other things, it does not affect the merits. *Woodard v. Westvaco Corp.,* 319 S.C. 240, 460 S.E.2d 392 (1995) *overruled in part on other grounds Sabb v. South Carolina State Univ.,* 350 S.C. 416, 567 S.E.2d 231 (2002). The master erred in holding that the Commission's denial of Employer's motion to dismiss was immediately appealable.

The master also held that the Commission had "subject matter" jurisdiction to hear respondent's appeal despite the untimeliness of the Form 30. We now clarify that this issue is properly couched as one of appellate jurisdiction rather than subject matter jurisdiction. See *Great Games, Inc. v. S.C. Dep't of Rev.,* 339 S.C. 79, 529 S.E.2d 6 (2000). A court's subject matter jurisdiction is determined by whether it has the authority to hear the type of case in question. *E.g., Dove v. Gold Kist, Inc.,* 314 S.C. 235, 442 S.E.2d 598 (1994). This same principle applies to administrative agencies. The Commission has the authority to review decisions of a single commissioner, and under the *Gold Kist* standard, there is no subject matter jurisdiction issue here. We now clarify that the question of compliance with rules, regulations, and statutes governing an appeal is one of appellate jurisdiction, see *In re November 4, 2008 Bluffton Town Council Election,* 385 S.C. 632, 686 S.E.2d 683 (2009), and overrule prior decisions to the extent they pose the question of an executive agency's authority to hear an appeal as one of subject matter jurisdiction. *E.g., Bursey v. S.C. Dep't of Health and Envtl. Control,* 369 S.C. 176, 631 S.E.2d 899 (2006); *S.C. Dep't of Corrections v. Tomlin,* 387 S.C. 652, 694 S.E.2d 25 (Ct.App.2010); *Hamilton v. Bob Bennett Ford,* 336 S.C. 72, 518 S.E.2d 599 (Ct.App. 1999) *modified on other grounds* 339 S.C. 68, 528 S.E.2d 667 (2000).

On the merits, we hold that the Commission lacks the authority to extend the fourteen days permitted for the filing

of an appeal from the decision of a single commissioner. See *Goodman v. City of Columbia,* 318 S.C. 488, 458 S.E.2d 531 (1995) (construing a *pro se* letter sent within fourteen days as satisfying the notice requirements of § 42–17–50 and Reg. 67–701). This holding is consistent with the general rule that an appellate body may not extend the time to appeal. *E.g.,* Rule 263(b), SCACR; S.C.Code Ann. § 1–23–380(A)(1) (Supp.2010); *S.C. Coastal Conservation League v. S.C. Dep't of Health and Envtl. Control,* 380 S.C. 349, 669 S.E.2d 899 (Ct.App.2008) *overruled on other grounds* 390 S.C. 418, 702 S.E.2d 246 (2010); *Sadisco of Greenville, Inc. v. Greenville County Bd. of Zoning Appeals,* 340 S.C. 57, 530 S.E.2d 383 (2000).

## CONCLUSION

Since the Full Commission lacked jurisdiction to hear respondent's appeal, the decision of that Commission as well as the master's order are

**VACATED.**

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.