**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Timothy D. Revels, Appellant,

v.

South Carolina Department of Employment and Workforce and Sherman College of Chiropractic, Respondents.

Appellate Case No. 2013-002744

---

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

---

Unpublished Opinion No. 2015-UP-011
Submitted October 1, 2014 – Filed January 14, 2015

---

**AFFIRMED**

---

Scott Franklin Talley, of Talley Law Firm, P.A., of Spartanburg, for Appellant.

Michael Brian Magargle, of Constangy Brooks & Smith, LLP, of Columbia, for Respondent Sherman College of Chiropractic; and Maura Dawson Baker, of the South Carolina Department of Employment and Workforce, of Columbia, for Respondent South Carolina Department of

Employment and Workforce.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 41-35-750 (Supp. 2013) ("Within thirty days from the date of mailing the [South Carolina Department of Employment and Workforce's (SCDEW's)] decision, a party to the proceeding whose benefit rights or whose employer account may be affected by the [SCDEW's] decision may initiate an action in the administrative law court against the [SCDEW] for the review of its decision, in which action every other party to the proceeding before the [SCDEW] must be made a defendant."); Rule 33, SCALCR ("The notice of appeal from the final decision of an agency shall be filed with the Court and a copy served on each party and the agency whose final decision is the subject of the appeal within thirty (30) days of receipt of the decision from which the appeal is taken. In appeals from decisions of the [SCDEW], the notice of appeal must be filed and served within thirty (30) days of the date of the decision of the [SCDEW] Appellate Panel."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("The requirement of service of the notice of appeal is jurisdictional, *i.e.*, if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice."); *Allison v. W.L. Gore & Assocs.*, 394 S.C. 185, 189, 714 S.E.2d 547, 550 (2011) (stating "an appellate body may not extend the time to appeal").

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.