**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nancy Schaffer Turner, as Personal Representative of the Estate of Martha L. Schaffer, Appellant,

v.

Susan Linda Schaffer Sawadske, Respondent.

Appellate Case No. 2013-000457

———————

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-081
Submitted December 1, 2015 – Filed February 24, 2016

———————

**VACATED**

———————

Nancy Schaffer Turner, of Bennett, North Carolina, pro se.

Andrew T. Shepherd and Katherine H. Hyland, both of Hart Hyland Shepherd, LLC, of Summerville, for Respondent.

———————

**PER CURIAM:** Nancy Schaffer Turner appeals the circuit court's order affirming the probate court's finding that the statute of limitations barred Turner's request to set aside a deed. We vacate the circuit court's order and reinstate the probate

court's order because the appeal to the circuit court was untimely. *See* S.C. Code Ann. § 62-1-308(a) (Supp. 2015) ("The notice of intention to appeal to the circuit court must be filed in the office of the circuit court and in the office of the probate court and a copy served on all parties not in default within ten days after receipt of written notice of the appealed from order . . . ."); *In re Estate of Cretzmeyer*, 365 S.C. 12, 14, 615 S.E.2d 116, 116-17 (2005) ("[Section 62-1-308(a)] is clear that the notice of appeal 'must be filed' in the circuit court within the ten-day period."); *Great Games, Inc. v. S.C. Dep't of Revenue*, 339 S.C. 79, 82 n.5, 529 S.E.2d 6, 7 n.5 (2000) ("The failure of a party to comply with the procedural requirements for perfecting an appeal may deprive the court of 'appellate' jurisdiction over the case . . . ."); *Gallagher v. Evert*, 353 S.C. 59, 68-69, 577 S.E.2d 217, 221-22 (Ct. App. 2002) (vacating a circuit court's ruling and reinstating a probate court's award when the appealing party failed to timely appeal to the circuit court).

**VACATED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.