**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Edward Spears, Appellant,

v.

South Carolina Department of Employment and Workforce, Respondent.

Appellate Case No. 2015-002056

---

Appeal From the Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

---

Unpublished Opinion No. 2017-UP-362
Submitted September 1, 2017 – Filed October 4, 2017

---

**AFFIRMED**

---

Edward Spears, of Florence, pro se.

Sandra Bell Grooms and E.B. "Trey" McLeod, III, both of S.C. Department of Employment and Workforce, of Columbia, for Respondent.

---

**PER CURIAM:** Edward Spears appeals the Administrative Law Court's (ALC's) dismissal of his appeal from the decision of the South Carolina Department of Employment and Workforce (SCDEW) Appellate Panel. Spears argues (1) the ALC erred in dismissing his appeal, (2) the ALC should not have dismissed his

appeal with prejudice, and (3) SCDEW should be held accountable for negligence and fraud. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the ALC erred in dismissing Spears's appeal: *Allison v. W.L. Gore & Assocs.*, 394 S.C. 185, 188, 714 S.E.2d 547, 549 (2011) ("[T]he question of compliance with rules, regulations, and statutes governing an appeal is one of appellate jurisdiction . . . ."); S.C. Code Ann. § 41-35-750 (Supp. 2016) ("Within thirty days from the date of mailing [SCDEW]'s decision, a party to the proceeding whose benefit rights or whose employer account may be affected by [SCDEW]'s decision may initiate an action in the [ALC] against [SCDEW] for the review of its decision, in which every other party to the proceeding before [SCDEW] must be made a defendant."); SCALC Rule 33 ("In appeals from decisions from [SCDEW], the notice of appeal must be filed and served within thirty (30) days of the date of mailing of the decision of the [SCDEW] Appellate Panel."); *Allison*, 394 S.C. at 189, 714 S.E.2d at 550 (providing "an appellate body may not extend the time to appeal").

2.  As to whether the ALC erred in dismissing Spears's appeal with prejudice: *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration.").

3.  As to whether SCDEW should be held accountable for allegedly committing negligence and fraud: *Brown*, 348 S.C. at 519, 560 S.E.2d at 417 ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.