**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Isiah James, Jr. and George Lee Tomlin, Plaintiffs,

Of whom George Lee Tomlin is the Appellant,

v.

The South Carolina Department of Corrections, Respondent.

Appellate Case No. 2015-002057

———————————

Appeal From Greenville County
Daniel Dewitt Hall, Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-226
Submitted April 2, 2018 – Filed June 6, 2018

———————————

**VACATED**

———————————

George Lee Tomlin, pro se.

Russell W. Harter, Jr. and Carly H. Davis, both of Chapman, Harter & Harter, P.A., of Greenville, for Respondent.

———————————

**PER CURIAM:** George Lee Tomlin appeals the circuit court's order granting summary judgment to the South Carolina Department of Corrections (the Department) and denying partial summary judgment to him on his claims for declaratory judgment as to whether the Department owed him costs and additional wages in connection with his participation in the Prison Industries Program (PIP). On appeal, Tomlin argues the circuit court erred by (1) granting summary judgment to the Department and (2) denying partial summary judgment to him. We vacate the circuit court's order as it applies to Tomlin for lack of jurisdiction.

This appeal stems from Tomlin's 2005 grievance against the Department based on the Department's alleged failure to pay him the prevailing wage and overtime wages for his work with the PIP. *See S.C. Dep't of Corr. v. Tomlin*, 387 S.C. 652, 654, 694 S.E.2d 25, 26 (Ct. App. 2010), *overruled by Allison v. W.L. Gore & Assocs.*, 394 S.C. 185, 714 S.E.2d 547 (2011). After the Department denied his grievance, Tomlin appealed to the administrative law court (ALC), which reversed the Department's refusal to pay Tomlin the prevailing wage and found the prevailing wage was $5.25. *Id*. at 655, 694 S.E.2d at 26. The ALC affirmed the Department's denial of overtime wages to Tomlin. *Id*. Tomlin and the Department appealed to the circuit court.[1] *Id*. The circuit court found $5.25 was not the prevailing wage and remanded the issue to the ALC to determine the correct prevailing wage. *Id*. The circuit court affirmed the ALC's determination that Tomlin was ineligible for overtime wages. *Id*. Tomlin appealed to this court, and this court reversed the circuit court's determination that Tomlin was not entitled to overtime wages and remanded Tomlin's case to the ALC to determine whether the Department owed Tomlin overtime wages and, if so, what amount. *Id*. at 655, 660, 694 S.E.2d at 26, 29. This court also noted the issue of whether the Department paid Tomlin the prevailing wage had already been remanded to the ALC. *Id*. at 659, 694 S.E.2d at 29.

In 2013, Tomlin and Isiah James filed a complaint against the Department in the circuit court, asserting they were entitled to additional wages due to their work with the PIP and seeking a declaration as to their rights to any additional wages or funds from the Department in accordance with this court's previous opinions that were remanded to the ALC. During the hearing before the circuit court, the Department stated,"[J]urisdiction for [Tomlin's] claims rests still with the [ALC]" because the amount of wages owed to Tomlin had never been reduced to judgment,

---

[1] Prior to June 16, 2008, ALC final decisions were appealed to the circuit court. *Compare* S.C. Code Ann. § 1-23-610 (Supp. 2008), *with* S.C. Code Ann. § 1-23-610 (2005).

and the parties had not been back to the ALC to address the issue. The circuit court, however, proceeded to hear the matter and ultimately granted summary judgment in favor of the Department.

We find that the circuit court lacked jurisdiction over Tomlin's action because this court previously remanded Tomlin's wage claims to the ALC and the matters were still pending at the time of the hearing before the circuit court. *See Tomlin*, 387 S.C. at 655, 660, 694 S.E.2d at 26, 29 (remanding Tomlin's claims for overtime wages to the ALC to determine if the Department owed Tomlin any overtime wages and noting the issue of the correct prevailing wage had already been remanded to the ALC). Furthermore, our supreme court has held that inmates "do not have a private right of action; instead, the [Department's] internal grievance procedure, with recourse to the [ALC], is the appropriate way to have a prisoner's wage claim adjudicated." *Torrence v. S.C. Dep't of Corr.*, 373 S.C. 586, 593, 646 S.E.2d 866, 869 (2007)); *see id.* (providing inmates may not bring wage claims pursuant to the statutory scheme governing the PIP in circuit court in the posture of a declaratory judgment action).

Accordingly, we vacate the circuit court's order as it pertains to Tomlin's wage claims.

**VACATED.**[2]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.