**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stephen and Beverly Noller and Michael and Nancy Halwig, Appellants,

v.

Daufuskie Island Utility Company, Incorporated and South Carolina Office of Regulatory Staff, Respondents.

Appellate Case No. 2019-001354

Appeal From The Public Service Commission

Unpublished Opinion No. 2022-UP-332
Submitted July 27, 2022 – Filed August 10, 2022

**AFFIRMED AS MODIFIED**

Newman Jackson Smith, Jr., of Nelson Mullins Riley & Scarborough, LLP, of Charleston; and Wendy Wilkie Parker, of Nelson Mullins Riley & Scarborough, LLP, of Austin, Texas, both for Appellants.

Thomas P. Gressette, Jr., of Walker Gressette & Linton, LLC, of Charleston, for Respondent Daufuskie Island Utility Company, Inc.

Steven W. Hamm, Andrew McClendon Bateman, Nicole Marie Given, and Christopher Michael Huber, all of

Columbia, for Respondent South Carolina Office of Regulatory Staff.

_____

**PER CURIAM:**  Homeowners Stephen and Beverly Noller and Michael and Nancy Harwig appeal an order of the Public Service Commission, arguing the commission erred by dismissing their claim against Daufuskie Island Utility Company, Incorporated for lack of jurisdiction.  We affirm as modified.

We interpret the order on appeal as the commission holding it had jurisdiction over whether the utility company was obligated to restore water and sewer service but lacked jurisdiction to determine whether the homeowners were entitled to monetary damages.  We hold the commission has jurisdiction over the subject matter of the homeowners' complaint—the supervision and regulation of the services of the utility company.  *See Baddourah v. McMaster*, 433 S.C. 89, 96, 856 S.E.2d 561, 565 (2021) ("The question of subject matter jurisdiction is a question of law for the court." (quoting *Capital City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 99, 674 S.E. 2d 524, 528 (Ct. App. 2009))); *id.* ("A court's subject matter jurisdiction is determined by whether it has the authority to hear the type of case in question." (quoting *Allison v. W.L. Gore & Assocs.*, 394 S.C. 185, 188, 714 S.E.2d 547, 549 (2011))); *PCS Nitrogen, Inc. v. Cont'l Cas. Co.*, 436 S.C. 254, 260, 871 S.E.2d 590, 593 (2022) (stating South Carolina appellate courts review questions of law de novo); S.C. Code Ann. § 58-5-210 (2015) (granting the commission "power and jurisdiction to supervise and regulate the rates and service of every public utility in this State"); S.C. Code Ann. Regs. § 103-810(B) (2012) (stating the commission is vested with jurisdiction to "[r]egulat[e] and supervis[e] . . . services [and] practices . . . of all intrastate privately-owned . . . water and sewerage companies").

However, because the homeowners assumed responsibility for, and agreed to complete construction of, the infrastructure needed to restore water and sewer services before they filed a complaint with the commission, we find the issue is moot.  *See* S.C. Code Ann. § 58-5-270 (2015) ("Individual consumer complaints must be filed with the Office of Regulatory Staff which has the responsibility of mediating consumer complaints . . . .  If a complaint is not resolved to the satisfaction of the complainant, the complainant may request a hearing before the commission."); S.C. Code Ann. § 58-5-710 (2015) (providing that "upon petition by any interested party," the commission has authority to order a water or sewer utility "to take steps as are necessary to provide adequate and proper service to its customers"); *S.C. Coastal Conservation League v. Dominion Energy S.C., Inc.*,

432 S.C. 217, 223-24, 851 S.E.2d 699, 702 (2020) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy." (quoting *Byrd v. Irmo High Sch.*, 321 S.C. 426, 431, 468 S.E.2d 861, 864 (1996))).

We also hold the commission did not err by finding it lacked jurisdiction to award monetary damages. *See Kiawah Prop. Owners Grp. v. Pub. Serv. Comm'n of S.C.*, 359 S.C. 105, 109, 597 S.E.2d 145, 147 (2004) ("The [commission] is a government agency of limited power and jurisdiction, which is conferred either expressly or impliedly by the General Assembly."); *Porter v. S.C. Pub. Serv. Comm'n*, 335 S.C. 157, 164, 515 S.E.2d 923, 927 (1999) ("The [commission] possesses only the authority given it by the legislature."); § 58-5-210 ("The [commission] is . . . vested with power and jurisdiction to supervise and regulate the rates and service of every public utility in this State, . . . [and] to ascertain and fix such just and reasonable standards, classifications, regulations, practices and measurements of service to be furnished, imposed, observed and followed by every public utility in this State . . . ."); *Kiawah Prop. Owners Grp.*, 359 S.C. at 113 n.4, 597 S.E.2d at 149 n.4 (explaining the commission retains authority over a utility only "with respect to its activities in the provision of utility services").

**AFFIRMED AS MODIFIED.**[1]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.