**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of James Marshall Shoemaker, Jr.,

James Marshall Shoemaker, III, Appellant,

v.

Lesley R. Moore, Esq., as Personal Representative and Trustee, and Edward Sloan Shoemaker and Jonathan Evans Shoemaker as Beneficiaries and as Individuals, Respondents.

And

James Marshall Shoemaker, III, Petitioner/Plaintiff,

v.

Lesley R. Moore, Esq. as Personal Representative and Trustee, Edward Sloan Shoemaker and Jonathan Evans Shoemaker, Respondents/Defendants.

Appellate Case No. 2022-001665

———————

Appeal From Greenville County
Debra R. McCaslin, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-121
Submitted September 1, 2024 – Filed April 2, 2025

———————

**AFFIRMED**

William R. McKibbon, III, of McKibbon Law Firm, of Greenville, for Appellant.

Tyler Earl McLeod and Julia Virginia Hendricks McLeod, both of Brown Massey Evans McLeod & Haynsworth, LLC, of Greenville, for Respondents.

**PER CURIAM:** In this probate action, James Marshall Shoemaker, III (Marshall) appeals the circuit court's order dismissing his appeal from the probate court and affirming the probate court's orders granting summary judgment in favor of respondents Lesley R. Moore, as personal representative and trustee of the Estate of James Marshall Shoemaker, Jr.; Edward Sloan Shoemaker (Sloan); and Jonathan Evans Shoemaker (Jonathan) (collectively, Respondents) and refusing to vacate its order granting summary judgment. Marshall argues the circuit court erred by (1) granting Respondents' motion to dismiss Marshall's appeal from the probate court's orders as untimely; (2) failing to find the probate court erred by refusing to vacate its order granting summary judgment when the probate court was in a mutually beneficial pecuniary relationship with Respondents' law firm; and (3) affirming the probate court's grant of summary judgment when Marshall submitted an affidavit that created a dispute of material fact as to Shoemaker's competency to create a validly executed will and trust. We affirm pursuant to Rule 220(b), SCACR.[1]

We hold the circuit court did not err by dismissing Marshall's appeal from the probate court orders on the ground that Marshall's failure to comply with the ten-day deadline provided in section 62-1-308(a) of the South Carolina Code (2022) divested the circuit court of jurisdiction to consider the appeal. *See* § 62-1-308(a) ("A person interested in a final order, sentence, or decree of a probate court may appeal to the circuit court in the same county, subject to the provisions of Section 62-1-303. The notice of intention to appeal to the circuit court *must be filed* in the office of the circuit court and in the office of the probate court and a copy served on all parties not in default *within ten days after receipt of written notice of the appealed from order, sentence, or decree of the probate*

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

*court*." (emphases added)); *see also Ziegler v. Dorchester County*, 426 S.C. 615, 619, 828 S.E.2d 218, 220 (2019) ("[The appellate courts] review questions of law *de novo*."); *CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) ("Questions of statutory interpretation are questions of law . . . ."); *Allison v. W.L. Gore & Assocs.*, 394 S.C. 185, 188, 714 S.E.2d 547, 549 (2011) ("[T]he question of compliance with rules, regulations, and statutes governing an appeal is one of appellate jurisdiction . . . ."); *State v. Brown*, 358 S.C. 382, 387, 596 S.E.2d 39, 41 (2004) ("[T]he failure to comply with procedural requirements for an appeal divests a court of appellate jurisdiction . . . ."); *In re Est. of Cretzmeyer*, 365 S.C. 12, 14, 615 S.E.2d 116, 117 (2005) (holding section 62-1-308(a) "is clear that the notice of appeal 'must be filed' in the circuit court within the ten-day period").  Marshall does not dispute he received written notice of the probate court's orders on December 16, 2021, and he acknowledges the deadline to file the notice of appeal was December 26, 2021.  He admits he filed the notice of appeal from the probate court's orders on January 10, 2022, fifteen days after the deadline passed.  Because Marshall does not dispute he failed to file his appeal from the probate court's orders within the ten-day deadline provided in section 62-1-308(a), we hold the circuit court did not err in dismissing his appeal on this ground.  *See Cretzmeyer*, 365 S.C. at 13-14, 615 S.E.2d at 116-17 (holding the circuit court properly dismissed the appellant's appeal from a probate court order when the appellant failed to file the notice of appeal in the circuit court within the ten-day period provided in section 62-1-308(a)).

Marshall nevertheless argues the circuit court erred by dismissing his appeal without considering whether, pursuant to Rule 260, SCACR, he showed good cause for his appeal to be reinstated.  We reject this argument.  First, although Marshall argued to the circuit court that it should excuse his failure to file the notice within the ten-day period, he never raised the applicability of Rule 260, SCACR, to the circuit court.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").  Second, even if it were preserved, we hold Rule 260 does not apply in appeals from the probate court to the circuit court.  *See* Rule 260, SCACR ("Whenever it appears that an appellant or a petitioner has failed to comply with the requirements of these Rules, the clerk shall issue an order of dismissal, which shall have the same force and effect as an order of the appellate court.  A case shall not be reinstated except by leave of the court, upon good cause shown, after notice to all parties.  The clerk shall remit the case to the lower court or administrative tribunal in accordance with Rule 221 unless a motion to reinstate the appeal has been actually received by the court within fifteen (15) days of filing

of the order of dismissal (the day of filing being excluded)."); *see also* Rule 101(a), SCACR ("These Rules are divided into six parts. Part I governs the applicability of these Rules and contains general provisions. Part II[, the Rules of Appellate Practice,] governs practice and procedure in appeals, petitions, and motions in the Supreme Court and the Court of Appeals."). Rule 260 is contained within Part II. Because the South Carolina Appellate Court Rules specifically state that they govern practice and procedure in appeals in the South Carolina Supreme Court and Court of Appeals, these rules do not apply to an appeal of a probate court action to the circuit court. Although section 62-1-308 of the South Carolina Code (2022), refers to Rules 208, 209, and 210 of the South Carolina Appellate Court Rules, it references these rules only to the extent that it directs the parties to comply with such rules regarding the formatting of the parties' briefs and the record on appeal and the forwarding of exhibits upon final disposition of the appeal. *See* § 62-1-308(b) (providing an appellant's statement of issues on appeal must be filed in a format described in Rule 208(b)(1)(B), SCACR); § 62-1-308(d) (providing the parties' designation of matter to be included in the record on appeal must comply with the format described in Rule 209, SCACR); § 62-1-308(e) (providing the appellant's and respondent's briefs must be in the format described in subsections (b)(1) through (3) of Rule 208, SCACR); § 62-1-308(f) (providing the record on appeal must be in the format described in subsections (c) and (e) through (g) of Rule 210, SCACR); § 62-1-308(g) (providing exhibits filed separately as described in Rule 210(f), SCACR, must be forwarded to the probate court upon final disposition of the appeal). Section 62-1-308 additionally provides that the parties are not required to comply with any other requirements of the South Carolina Appellate Court Rules, unless the parties have consented to appeal directly to our supreme court. *See* § 62-1-308(g) ("Except as provided in this section, no party is required to comply with any other requirements of the South Carolina Appellate Court Rules."); § 62-1-308(l) ("If the parties not in default consent either in writing or on the record at a hearing in the probate court, a party to a final order, sentence, or decree of a probate court who considers himself injured by it may appeal directly to the Supreme Court, and the procedure for the appeal must be governed by the South Carolina Appellate Court Rules."). Because section 62-1-308 does not specifically refer to Rule 260 and states that only Rules 208, 209, and 210, of the South Carolina Appellate Court Rules apply in appeals to the circuit court from the probate court, we hold Rule 260 does not apply.

Moreover, even if Rule 260, SCACR, applied, it would not excuse Marshall's failure to file the notice of appeal within the ten-day deadline set forth in section 62-1-308(a). *See Hill v. S.C. Dep't of Health & Env't Control*, 389 S.C. 1, 21, 698 S.E.2d 612, 623 (2010) ("The service of a notice of appeal is a jurisdictional

requirement, and the time for service may not be extended by this [c]ourt."); *see also Allison*, 394 S.C. at 188-89, 714 S.E.2d at 549-50 ("[W]e hold that the [Worker's Compensation] Commission lacks the authority to extend the fourteen days permitted [by the statue governing appeals to the Commission] for the filing of an appeal from the decision of a single commissioner.  This holding is consistent with the general rule that an appellate body may not extend the time to appeal." (citation omitted)); *Brown*, 358 S.C. at 387, 596 S.E.2d at 41 ("[T]he failure to comply with procedural requirements for an appeal divests a court of appellate jurisdiction . . . ."); *Witzig v. Witzig*, 325 S.C. 363, 366-67, 479 S.E.2d 297, 299 (Ct. App. 1996) (holding the reviewing court erred in failing to dismiss a party's appeal from the probate court's order when the party failed to timely file the appeal); *id.* at 366, 479 S.E.2d at 299 (rejecting the argument that Rule 74 of the South Carolina Rules of Civil Procedure extended the time to file a notice of intent to appeal and reasoning that "the specific ten-day filing period provided by [section] 62-1-308(a) control[ed] over the general provisions of Rule 74"); Rule 263(b), SCACR ("The time prescribed by these Rules for performing any act *except the time for serving the notice of appeal* under Rules 203 and 243 may be extended or shortened by the appellate court, or by any judge or justice thereof.").

For the foregoing reasons, we affirm the circuit court's order dismissing Marshall's appeal from the probate court's orders because his failure to comply with the ten-day deadline provided in section 62-1-308(a) divested the circuit court of jurisdiction to consider the appeal.[2]

**AFFIRMED.**

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[2] In light of our disposition, we decline to address Marshall's Issues II and III, in which he challenges the circuit court's order on the merits.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address any remaining issues when the disposition of a prior issue is dispositive).