**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Debra T. Robinson, Appellant,

v.

Antoine Lamar Robinson and Gerrick Lance Robinson, Respondents.

Appellate Case No. 2023-000120

———————

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-189
Submitted April 1, 2025 – Filed June 11, 2025

———————

**AFFIRMED**

———————

Robert Lee Gailliard, of Robert L. Gailliard, Attorney at Law, of North Charleston, for Appellant.

Richard H. Rhodes, of Burts Turner & Rhodes, of Spartanburg, for Respondents.

———————

**PER CURIAM:** Debra Robinson (Robinson) appeals the circuit court's order granting Antoine Robinson and Gerrick Robinson's motion to dismiss Robinson's appeal from the probate court's order regarding the Estate of Gerry Robinson. On appeal, Robinson argues the circuit court erred in dismissing her appeal as

untimely because she timely filed her appeal within thirty days as required by Rule 74 of the South Carolina Rules of Civil Procedure. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in dismissing Robinson's appeal as untimely filed. *See Matter of Howard*, 315 S.C. 356, 360, 434 S.E.2d 254, 256 (1993) ("Appeal from the probate court is governed by the provisions of the Probate Code."); S.C. Code Ann. § 62-1-308(i) (2022) ("The circuit court, court of appeals, or Supreme Court shall hear and determine the appeal [from probate court] according to the rules of law."). Because the ten-day filing requirement of section 62-1-308(a) of the South Carolina Probate Code[1] controls over the thirty-day filing requirement of Rule 74, Robinson was required to file notice of her intention to appeal to the circuit court "within ten days after receipt of written notice of the" probate court's order. However, Robinson indicated she received written notice of the probate court's final order on June 18, 2022, and she filed her notice of intention to appeal to the circuit court twenty-three days later on July 11, 2022. Therefore, we hold Robinson failed to timely file her appeal within the applicable ten-day statutory window and affirm the circuit court's order dismissing Robinson's appeal. *See Witzig v. Witzig*, 325 S.C. 363, 366, 479 S.E.2d 297, 299 (Ct. App. 1996) ("[T]he specific ten-day filing period provided by [section] 62-1-308(a) controls over the general provisions of Rule 74, SCRCP."); *compare* Rule 74, SCRCP ("[T]he procedure on appeal to the circuit court from the judgment of [a lower] court . . . shall be in accordance with the statutes providing such appeals. Notice of appeal to the circuit court must be served on all parties within thirty (30) days after receipt of written notice of the judgment, order or decision appealed from."), *with* § 62-1-308(a) (2022) (specifying a "notice of intention to appeal" from the probate court "to the circuit court must be filed . . . within ten days after receipt of written notice of the appealed" order).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] *See* S.C. Code Ann. §§ 15-78-10 through 15-78-220 (2022 & 2024 Supp.).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.